# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased, 3922 Ingomar Street, N.W. Washington, D.C. 20015 | ) ) ) ) ) ) ) ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JURY TRIAL REQUESTED |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 Fifth Street, N.W. Washington, D.C. 20001 | ) ) ) ) ) | |
| Serve:  Carol B. O'Keefe General Counsel, WMATA 600 Fifth Street, N.W. Washington, D.C. 20001 | ) ) ) ) ) ) | |
| and | ) ) | |
| MICHELLE N. FERGUSON, 4020 Livingston Road, S.E., Washington, D.C. 20032 | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR NEGLIGENCE
### (Wrongful Death, Survival Action, Negligent Hiring, Training Supervision & Loss of Consortium)

COMES NOW, Plaintiff Robert R. Fenichel, M.D., individually, and in his capacity as

personal representative of Estate and Next of Kin of his deceased wife, Emily S. Fenichel, and

for his Complaint against Defendants the Washington Metropolitan Area Transit Authority

("WMATA") and Michelle N. Ferguson states as follows:

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI. § 81; adopted in the District of Columbia Code at § 9-1107.10.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

## PARTIES

3.    Plaintiff Dr. Fenichel is an adult resident of the District of Columbia.  He brings this action individually, and in his capacity as the Personal Representative of the Estate and Next of Kin of his deceased wife, Emily S. Fenichel.

4.    Upon information and belief, at all time relevant hereto, Defendant Michelle Ferguson was, and continues to be, a citizen and resident of the District of Columbia.

5.    At all times relevant hereto, Defendant WMATA was the owner of the transit bus operated by Defendant Ferguson, who was acting in the course and scope of her employment/agency with WMATA.  Therefore, WMATA is vicariously liable for all of Defendant Ferguson's tortious acts/omissions in causing Mrs. Fenichel's death.

## FACTS

6.    On June 8, 2006, at approximately 11:00 p.m., Mrs. Fenichel was a pedestrian lawfully crossing in the crosswalk on Wisconsin Avenue, N.W. at the intersection of Wisconsin Avenue, N.W. and Jenifer Street, N.W. in the District of Columbia.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 923-3688
www.klores.com

7.    At or about the same time, Defendant Ferguson, operating D.C. registered WMATA bus #B37901, attempted to make a right turn onto Wisconsin Avenue, N.W. from Jenifer Street, N.W.

10.    Suddenly and without warning, Mrs. Fenichel was struck by the bus driven by Defendant Ferguson who acted illegally, recklessly and carelessly in making the right turn onto Wisconsin Avenue, N.W.  At the point of impact, Mrs. Fenichel was already approximately 21 feet across Wisconsin Avenue, N.W. and within the crosswalk.

11.    At all relevant times, Mrs. Fenichel had the right of way, and at no time did Mrs. Fenichel act in a negligent manner, nor did she assume any risk.

12.    Defendant Ferguson struck Mrs. Fenichel with the left front end (the driver's side) of the bus and continued on for another 24 feet, trapping Mrs. Fenichel under the left front wheel of the bus.  As a result, Mrs. Fenichel was pinned between the bus tire and the roadway, causing severe tearing of the flesh from her body.

13.    After Mrs. Fenichel was struck by, and pinned underneath of, the bus, she remained conscious, screaming for Defendant Ferguson to back the bus off of her.

14.    Mrs. Fenichel suffered extreme pain and suffering while pinned underneath the bus, during the period of time after the bus backed off of her, while she waited for emergency medical assistance, and while she was transported to the hospital.  During this time Mrs. Fenichel, in addition to suffering extreme pain, was fearing her own death.

15.    Mrs. Fenichel was subsequently pronounced dead from massive internal injuries at Washington Hospital Center at approximately 11:50 p.m.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

16.    At the time of the occurrence, Defendant Ferguson was an agent/employee of WMATA and was operating the bus within the scope of her employment/agency with WMATA, which is vicariously liable and otherwise legally responsible for her actions.

17.    At the time of the occurrence, Defendant Ferguson was operating the bus with the consent of WMATA.

## COUNT I
### (Wrongful Death: Negligence and Negligence *Per Se*)

18.    Plaintiff incorporates all previous Paragraphs.

19.    This claim for wrongful death is brought by decedent's husband, Dr. Fenichel, individually, and on behalf of the decedent's Next of Kin pursuant to D.C. Code Ann. § 16-2701.  Dr. Fenichel was appointed Personal Representative on June 22, 2006.

20.    Defendants owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

21.    Defendants breached their duty of care and were negligent in the following ways:

a.    Failing to pay full time and attention;

b.    Failing to keep a proper lookout;

c.    Failing to maintain proper control of the WMATA bus;

d.    Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.    Failing to operate the WMATA bus safely;

f.    Failing to timely apply the brakes of the WMATA bus;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

4

g.     Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.     Failing to sound the bus's horn;

i.     Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.     Were otherwise negligent.

22.     Defendants further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when Defendants failed to exercise due care and failed to give an audible signal to warn the decedent.

23.     Defendants' violations of District of Columbia Municipal Regulations constitute negligence *per se.*

24.     Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

25.     Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

26.     As a direct and proximate result of the Defendants' acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.     Expenses of death;

b.     Pecuniary and non-pecuniary losses to Next of Kin;

c.     Loss of society and comfort of the decedent;

d     All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

e.    Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin; and

f.    Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT II
### (Survival Action: Negligence and Negligence *Per Se*)

27.    Plaintiff incorporates all previous Paragraphs.

28.    This Survival Action is brought by decedent's husband, Dr. Fenichel, as Personal Representative of the decedent's Estate, pursuant to D.C. Code Ann. § 12-101.

29.    Defendants owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

30.    Defendants breached their duty of care by and were negligent in the following ways:

a.    Failing to pay full time and attention;

b.    Failing to keep a proper lookout;

c.    Failing to maintain proper control of the WMATA bus;

d.    Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.    Failing to operate the WMATA bus safely;

f.    Failing to timely apply the brakes of the WMATA bus;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

g.    Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.    Failing to sound the bus's horn;

i.    Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.    Were otherwise negligent.

31.    Defendants further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when Defendants failed to exercise due care and failed to give an audible signal to warn the decedent.

32.    Defendants' violations of District of Columbia Municipal Regulations constitute negligence *per se.*

33.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

34.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

35.    From the time period when the bus struck and pinned Mrs. Fenichel under the bus until the time that she was pronounced dead at the hospital, Mrs. Fenichel was aware and conscious of her surroundings, and feared her own death.  During that time, she suffered extreme conscious, physical, mental and emotional pain and suffering.

36.    As a direct and proximate result of the Defendants' negligence, Mrs. Fenichel suffered extreme conscious, physical, mental and emotional pain and suffering, inconvenience and discomfort, and mental anguish prior to her horrific death.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

37.     As a direct and proximate result of the Defendants' negligence, Mrs. Fenichel incurred medical and hospital expenses, and suffered past and future lost earning capacity.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., as Personal Representative of decedent's Estate, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT III
### (Negligent Hiring, Training and Supervision)

38.     Plaintiff incorporates all previous Paragraphs.

39.     As her employer, Defendant WMATA owed a duty to decedent to exercise reasonable case in the hiring, training and supervision of Defendant Ferguson.

40.     Upon information and belief, Defendant WMATA breached that duty by not properly hiring, training and supervising Defendant Ferguson.

41.     Upon information and belief, Defendant WMATA knew, or should have known, that Defendant Ferguson was not properly hired, trained and/or it failed to properly supervise Defendant Ferguson.

42.     Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

43.     As a direct and proximate result of the Defendants' acts/omissions, Mrs. Fenichel's Estate and Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

        a.      Expenses of death;

        b.      Pecuniary and non-pecuniary losses to Next of Kin;

        c.      Loss of society and comfort of the decedent;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

        d        All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

        e.        Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin;

        e.        All damages recoverable under the Survival Act of the District of Columbia; and

        f.        Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative of the Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

**COUNT IV**
**(Loss of Consortium)**

44.      Plaintiff incorporates all previous Paragraphs.

45.      At all times relevant herein, Plaintiff Dr. Fenichel was married to decedent, Mrs. Fenichel.

46.      As a direct and proximate result of Defendants' negligence, Dr. Fenichel has suffered, and will continue to suffer, the loss of his wife's marital services, love, affection, companionship, services and society.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., demands that the Court enter judgment in his favor in the amount of Ten Million Dollars ($10,000,000.00), and for whatever further relief this Court finds just and proper.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20009
P: 202-628-8100
Attorneys for Plaintiffs

PLAINTIFFS REQUEST A TRIAL BY JURY.

_____
Scott M. Perry

1845/Complaint

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT R. FENICHEL, M.D. | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al. |

|  |  |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **D.C.** **11001** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Bruce J. Klores, Esquire Scott M. Perry, Esquire Bruce J. Klores & Associates, P. C. 1735 20th Street, N.W., Washington, DC 20009 (202) 628-8100 | Case: 1:07-cv-00768 Assigned To : Robertson, James Assign. Date : 4/27/2007 Description: Personal Injury/ Malpractice |

## II. BASIS OF JURISDICTION

(PLACE an x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)   FOR DIVERSITY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ⊙ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☒ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)*  OR  ○ F. *Pro Se General Civil* | | |
|---|---|---|
| **Real Property** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent, Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property **Personal Property** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **Bankruptcy** ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **Prisoner Petitions** ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition **Property Rights** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **Federal Tax Suits** ☐ 870 Taxes (US plaintiff or defendant ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty** ☐ 610 Agriculture ☐ 620 Other Food &Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 RR & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **Other Statutes** ☐ 400 State Reapportionment ☐ 430 Banks & Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Satellite TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 900 Appeal of fee determination under equal access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment* *Discrimination* | ○ **I.** *FOIA/PRIVACY* *ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI. § 81; adopted in the District of Columbia Code at § 9-1107.10

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $100,000,000.00 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☒  NO ☐ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  4/27/2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*    JTC

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.