**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:07-CV-00768-JR |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**</u>

COMES NOW, Plaintiff, through counsel and pursuant to Fed. R. Civ. P. 15 and Local

Rule 15.1, and requests that this Honorable Court grant him leave to file the attached First

Amended Complaint adding new defendants and removing certain Counts.

Because the statute of limitations may run on aspects of this case by June 7, 2007,

Plaintiff respectfully requests that the Court rule on this motion, <u>which is not opposed</u>, to give

Plaintiff sufficient time the serve the new defendants.

The reasons for this request are contained in the attached Memorandum of Points and

Authorities.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____/s/ Scott Perry_____
   Bruce J. Klores (358548)
   Scott M. Perry (#459841)
   1735 20th Street, N.W.
   Washington, DC 20009
   P: 202-628-8100
   Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT R. FENICHEL, M.D.      )
                           )
        Plaintiff,        )
                           )
v.                           )     C. A. No. 1:07-CV-00768-JR
                           )
WASHINGTON METROPOLITAN    )
AREA TRANSIT AUTHORITY, et al.   )
                           )
        Defendants.      )

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

1.     Plaintiff notes that the statute of limitations as to aspects of this case may run by June 7, 2007. Thus, Plaintiff respectfully requests that the Court rule on this Motion, <u>which is not opposed</u>, in time for Plaintiff to serve the new defendants by June 7, 2007.

2.     Plaintiff filed this action against Defendants Washington Metropolitan Area Transit Authority ("WMATA") and Michelle Ferguson on April 27, 2007. Plaintiff has since voluntarily dismissed Defendant Ferguson without prejudice.

3.     Plaintiff seeks leave to file the attached First Amended Complaint to add additional Defendants. Specifically, Plaintiff seeks to add the manufacturers of the bus that struck and killed Plaintiff's decedent as a defendant.

4.     In addition, Plaintiff's First Amended Complaint removes Counts III and Four (Negligent Hiring, Training and Supervision and Loss of Consortium) as to Defendant WMATA.

5.     WMATA does not object to Plaintiff's request for leave to file an amended Complaint.

6.    Pursuant to Federal Rule of Civil Procedure 15, leave to amend shall be freely granted when in the interests of justice.

7.    A copy of the original complaint is attached as Exhibit A.  A copy of the First Amended Complaint is attached as Exhibit B.

WHEREORE, Plaintiff Robert R. Fenichel, M.D., respectfully requests that the Court grant him to leave to file the attached amended Complaint.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____/s/ Scott Perry_____ _____
    Bruce J. Klores (358548)
    Scott M. Perry (#459841)
    1735 20th Street, N.W.
    Washington, DC 20009
    P: 202-628-8100
    Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT R. FENICHEL, M.D.          )
Individually, and as Personal       )
Representative of the                 )
Estate and Next of Kin of         )
EMILY S. FENICHEL, Deceased,  )
3922 Ingomar Street, N.W.        )
Washington, D.C. 20015          )
                                   )    Case No. _____
       Plaintiff,            )
                                   )
v.                                )    JURY TRIAL REQUESTED
                                   )
WASHINGTON METROPOLITAN    )
AREA TRANSIT AUTHORITY      )
600 Fifth Street, N.W.            )
Washington, D.C. 20001          )
                                   )
      Serve:  Carol B. O'Keefe     )
               General Counsel, WMATA  )
               600 Fifth Street, N.W.    )
               Washington, D.C. 20001   )
                                   )
and                                )
                                 )
MICHELLE N. FERGUSON,      )
4020 Livingston Road, S.E.,     )
Washington, D.C. 20032        )
                                 )
      Defendants.          )

## COMPLAINT FOR NEGLIGENCE

(Wrongful Death, Survival Action, Negligent Hiring, Training Supervision
& Loss of Consortium)

COMES NOW, Plaintiff Robert R. Fenichel, M.D., individually, and in his capacity as

personal representative of Estate and Next of Kin of his deceased wife, Emily S. Fenichel, and

for his Complaint against Defendants the Washington Metropolitan Area Transit Authority

("WMATA") and Michelle N. Ferguson states as follows:

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI. § 81; adopted in the District of Columbia Code at § 9-1107.10.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

## PARTIES

3.      Plaintiff Dr. Fenichel is an adult resident of the District of Columbia.  He brings this action individually, and in his capacity as the Personal Representative of the Estate and Next of Kin of his deceased wife, Emily S. Fenichel.

4.      Upon information and belief, at all time relevant hereto, Defendant Michelle Ferguson was, and continues to be, a citizen and resident of the District of Columbia.

5.      At all times relevant hereto, Defendant WMATA was the owner of the transit bus operated by Defendant Ferguson, who was acting in the course and scope of her employment/agency with WMATA.  Therefore, WMATA is vicariously liable for all of Defendant Ferguson's tortious acts/omissions in causing Mrs. Fenichel's death.

## FACTS

6.      On June 8, 2006, at approximately 11:00 p.m., Mrs. Fenichel was a pedestrian lawfully crossing in the crosswalk on Wisconsin Avenue, N.W. at the intersection of Wisconsin Avenue, N.W. and Jenifer Street, N.W. in the District of Columbia.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 923-3688
www.klores.com

7.     At or about the same time, Defendant Ferguson, operating D.C. registered WMATA bus #B37901, attempted to make a right turn onto Wisconsin Avenue, N.W. from Jenifer Street, N.W.

10.     Suddenly and without warning, Mrs. Fenichel was struck by the bus driven by Defendant Ferguson who acted illegally, recklessly and carelessly in making the right turn onto Wisconsin Avenue, N.W.  At the point of impact, Mrs. Fenichel was already approximately 21 feet across Wisconsin Avenue, N.W. and within the crosswalk.

11.     At all relevant times, Mrs. Fenichel had the right of way, and at no time did Mrs. Fenichel act in a negligent manner, nor did she assume any risk.

12.     Defendant Ferguson struck Mrs. Fenichel with the left front end (the driver's side) of the bus and continued on for another 24 feet, trapping Mrs. Fenichel under the left front wheel of the bus.  As a result, Mrs. Fenichel was pinned between the bus tire and the roadway, causing severe tearing of the flesh from her body.

13.     After Mrs. Fenichel was struck by, and pinned underneath of, the bus, she remained conscious, screaming for Defendant Ferguson to back the bus off of her.

14.     Mrs. Fenichel suffered extreme pain and suffering while pinned underneath the bus, during the period of time after the bus backed off of her, while she waited for emergency medical assistance, and while she was transported to the hospital.  During this time Mrs. Fenichel, in addition to suffering extreme pain, was fearing her own death.

15.     Mrs. Fenichel was subsequently pronounced dead from massive internal injuries at Washington Hospital Center at approximately 11:50 p.m.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

16.     At the time of the occurrence, Defendant Ferguson was an agent/employee of WMATA and was operating the bus within the scope of her employment/agency with WMATA, which is vicariously liable and otherwise legally responsible for her actions.

17.     At the time of the occurrence, Defendant Ferguson was operating the bus with the consent of WMATA.

## COUNT I
### (Wrongful Death: Negligence and Negligence *Per Se*)

18.     Plaintiff incorporates all previous Paragraphs.

19.     This claim for wrongful death is brought by decedent's husband, Dr. Fenichel, individually, and on behalf of the decedent's Next of Kin pursuant to D.C. Code Ann. § 16-2701.  Dr. Fenichel was appointed Personal Representative on June 22, 2006.

20.     Defendants owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

21.     Defendants breached their duty of care and were negligent in the following ways:

a.     Failing to pay full time and attention;

b.     Failing to keep a proper lookout;

c.     Failing to maintain proper control of the WMATA bus;

d.     Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.     Failing to operate the WMATA bus safely;

f.     Failing to timely apply the brakes of the WMATA bus;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

4

g.    Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.    Failing to sound the bus's horn;

i.    Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.    Were otherwise negligent.

22.    Defendants further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when Defendants failed to exercise due care and failed to give an audible signal to warn the decedent.

23.    Defendants' violations of District of Columbia Municipal Regulations constitute negligence *per se.*

24.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

25.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

26.    As a direct and proximate result of the Defendants' acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.    Expenses of death;

b.    Pecuniary and non-pecuniary losses to Next of Kin;

c.    Loss of society and comfort of the decedent;

d    All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

5

e.    Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin; and

f.    Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT II
### (Survival Action: Negligence and Negligence *Per Se*)

27.    Plaintiff incorporates all previous Paragraphs.

28.    This Survival Action is brought by decedent's husband, Dr. Fenichel, as Personal Representative of the decedent's Estate, pursuant to D.C. Code Ann. § 12-101.

29.    Defendants owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

30.    Defendants breached their duty of care by and were negligent in the following ways:

a.    Failing to pay full time and attention;

b.    Failing to keep a proper lookout;

c.    Failing to maintain proper control of the WMATA bus;

d.    Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.    Failing to operate the WMATA bus safely;

f.    Failing to timely apply the brakes of the WMATA bus;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

6

g.    Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.    Failing to sound the bus's horn;

i.    Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.    Were otherwise negligent.

31.    Defendants further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when Defendants failed to exercise due care and failed to give an audible signal to warn the decedent.

32.    Defendants' violations of District of Columbia Municipal Regulations constitute negligence *per se.*

33.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

34.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

35.    From the time period when the bus struck and pinned Mrs. Fenichel under the bus until the time that she was pronounced dead at the hospital, Mrs. Fenichel was aware and conscious of her surroundings, and feared her own death.  During that time, she suffered extreme conscious, physical, mental and emotional pain and suffering.

36.    As a direct and proximate result of the Defendants' negligence, Mrs. Fenichel suffered extreme conscious, physical, mental and emotional pain and suffering, inconvenience and discomfort, and mental anguish prior to her horrific death.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

37.    As a direct and proximate result of the Defendants' negligence, Mrs. Fenichel incurred medical and hospital expenses, and suffered past and future lost earning capacity.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., as Personal Representative of decedent's Estate, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT III
### (Negligent Hiring, Training and Supervision)

38.    Plaintiff incorporates all previous Paragraphs.

39.    As her employer, Defendant WMATA owed a duty to decedent to exercise reasonable case in the hiring, training and supervision of Defendant Ferguson.

40.    Upon information and belief, Defendant WMATA breached that duty by not properly hiring, training and supervising Defendant Ferguson.

41.    Upon information and belief, Defendant WMATA knew, or should have known, that Defendant Ferguson was not properly hired, trained and/or it failed to properly supervise Defendant Ferguson.

42.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of Defendants.

43.    As a direct and proximate result of the Defendants' acts/omissions, Mrs. Fenichel's Estate and Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.    Expenses of death;

b.    Pecuniary and non-pecuniary losses to Next of Kin;

c.    Loss of society and comfort of the decedent;

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

        d        All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

        e.        Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin;

        e.        All damages recoverable under the Survival Act of the District of Columbia; and

        f.        Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative of the Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT IV
### (Loss of Consortium)

44.      Plaintiff incorporates all previous Paragraphs.

45.      At all times relevant herein, Plaintiff Dr. Fenichel was married to decedent, Mrs. Fenichel.

46.      As a direct and proximate result of Defendants' negligence, Dr. Fenichel has suffered, and will continue to suffer, the loss of his wife's marital services, love, affection, companionship, services and society.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., demands that the Court enter judgment in his favor in the amount of Ten Million Dollars ($10,000,000.00), and for whatever further relief this Court finds just and proper.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20009
P: 202-628-8100
Attorneys for Plaintiffs

PLAINTIFFS REQUEST A TRIAL BY JURY.

_____
Scott M. Perry

1845/Complaint

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. | ) | |
| Individually, and as Personal | ) | |
| Representative of the | ) | |
| Estate and Next of Kin of | ) | |
| EMILY S. FENICHEL, Deceased, | ) | |
| 3922 Ingomar Street, N.W. | ) | |
| Washington, D.C. 20015 | ) | |
| | ) | C.A. No.  1:07 – 00768 - JR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY | ) | |
| 600 Fifth Street, N.W. | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| Serve:  Carol B. O'Keefe | ) | |
| General Counsel, WMATA | ) | |
| 600 Fifth Street, N.W. | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ORION BUS INDUSTRIES, INC. | ) | |
| 165 Base Road | ) | |
| Oriskany, NY 13424 | ) | |
| | ) | |
| Serve:  C T Corporation System | ) | |
| 1015 15th Street, N.W. | ) | |
| Ste. 1000 | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| | ) | |
| DAIMLERCHRYSLER CORPORATION | ) | |
| 1000 Chrysler Drive | ) | |
| Auburn Hills, Michigan 48326-2766 | ) | |
| | ) | |
| Serve:  C T Corporation System | ) | |
| 1015 15th Street, N.W. | ) | |
| Ste. 1000 | ) | |
| Washington, DC 20005 | ) | |
| | ) | |

and                                            )
                                               )
DAIMLERCHRYSLER COMMERCIAL                     )
BUSES NORTH AMERICA, INC.                      )
165 Base Road                                  )
Oriskany, NY 13424                             )
                                               )
        Serve: THE CORPORATION                 )
               TRUST INCORPORATED              )
               300 E. Lombard Street           )
               Baltimore, MD 21202             )
                                               )
        Defendants.                            )
_____)

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Robert R. Fenichel, M.D., individually, and in his capacity as personal representative of Estate and Next of Kin of his deceased wife, Emily S. Fenichel, and for his Complaint against Defendants the Washington Metropolitan Area Transit Authority ("WMATA"), Orion Bus Industries, Inc., Daimlerchrysler Corporation, and Daimlerchrysler Commercial Buses North America, Inc. states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI. § 81; adopted in the District of Columbia Code at § 9-1107.10.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

2

**PARTIES**

3.      Plaintiff Dr. Fenichel is an adult resident of the District of Columbia.  He brings this action individually, and in his capacity as the Personal Representative of the Estate and Next of Kin of his deceased wife, Emily S. Fenichel.

4.      At all times relevant hereto, Defendant WMATA was the owner of the transit bus operated by Michelle Ferguson ("WMATA Bus Driver Ferguson"), who was acting in the course and scope of her employment/agency with WMATA.  Therefore, WMATA is vicariously liable for all of Bus Driver Ferguson's tortious acts/omissions in causing Mrs. Fenichel's death.

5.      Defendant DaimlerChrysler Commercial Buses North America, Inc. is now and at all times relevant to this Complaint was a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 165 Base Road, Oriskany, New York  13424.  Defendant DaimlerChrysler Corporation is now and at all times relevant to this Complaint was a corporation organized and existing under the laws of the Delaware, with its principal place of business located in the State of Michigan.  These Defendants are collectively referred to as "DaimlerChrysler".  Upon information and belief, DaimlerChrysler is the successor company to Defendant Orion Bus Industries, Inc. DaimlerChrysler regularly conducts business in the District of Columbia.

6.      Defendant Orion Bus Industries, Inc. ("Orion"), is now and at all times relevant to this Complaint was a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 165 Base Road, Oriskany, New York 13424.  Upon information and belief, Orion changed its name to, or became part of,

DaimlerChrysler on or about September 25, 2006.  Orion regularly conducts business in the District of Columbia.  Orion and DaimlerChrysler are hereafter collectively referred to as DaimlerChrysler.

7.     DaimlerChrysler is now and at all times relevant to this Complaint was in the business of designing, manufacturing, constructing, assembling, inspecting and selling transit buses.

## FACTS

8.     In or about 1997, WMATA purchased from DaimlerChrysler a transit bus, Orion Model TBU, with vehicle identification number 1VH519P7XV6033736, that had previously been designed, manufactured, constructed, assembled, and inspected by DaimlerChrysler.

9.     On June 8, 2006, at approximately 11:00 p.m., Mrs. Fenichel was a pedestrian lawfully crossing in the crosswalk on Wisconsin Avenue, N.W. at the intersection of Wisconsin Avenue, N.W. and Jenifer Street, N.W. in the District of Columbia.

10.     At or about the same time, WMATA Bus Driver Ferguson, operating D.C. registered WMATA bus #B37901, attempted to make a right turn onto Wisconsin Avenue, N.W. from Jenifer Street, N.W.

11.     Suddenly and without warning, Mrs. Fenichel was struck by the bus driven by Bus Driver Ferguson who acted illegally, recklessly and carelessly in making the right turn onto Wisconsin Avenue, N.W.  At the point of impact, Mrs. Fenichel was already approximately 21 feet across Wisconsin Avenue, N.W. and within the crosswalk.

12.     At all relevant times, Mrs. Fenichel had the right of way, and at no time did Mrs. Fenichel act in a negligent manner, nor did she assume any risk.

13.    Bus Driver Ferguson struck Mrs. Fenichel with the left front end (the driver's side) of the bus and continued on for another 24 feet, trapping Mrs. Fenichel under the left front wheel of the bus.  As a result, Mrs. Fenichel was pinned between the bus tire and the roadway, causing severe tearing of the flesh from her body.

14.    After Mrs. Fenichel was struck by, and pinned underneath of, the bus, she remained conscious, screaming for Bus Driver Ferguson to back the bus off of her.

15.    Mrs. Fenichel suffered extreme pain and suffering while pinned underneath the bus, during the period of time after the bus backed off of her, while she waited for emergency medical assistance, and while she was transported to the hospital.  During this time Mrs. Fenichel, in addition to suffering extreme pain, was fearing her own death.

16.    Mrs. Fenichel was subsequently pronounced dead from massive internal injuries at Washington Hospital Center at approximately 11:50 p.m.

17.    At the time of the occurrence, Bus Driver Ferguson was an agent/employee of WMATA and was operating the bus within the scope of her employment/agency with WMATA, which is vicariously liable and otherwise legally responsible for her actions.

18.    At the time of the occurrence, Bus Driver Ferguson was operating the bus with the consent of WMATA.

## <u>COUNT I</u>
### (Wrongful Death As To WMATA: Negligence and Negligence *Per Se*)

19.    Plaintiff incorporates all previous Paragraphs.

20.    This claim for wrongful death is brought by decedent's husband, Dr. Fenichel, individually, and on behalf of the decedent's Next of Kin pursuant to D.C. Code Ann. § 16-2701.  Dr. Fenichel was appointed Personal Representative on June 22, 2006.

21.    WMATA owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

22.    WMATA breached its duty of care and was negligent in the following ways:

a.    Failing to pay full time and attention;

b.    Failing to keep a proper lookout;

c.    Failing to maintain proper control of the WMATA bus;

d.    Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.    Failing to operate the WMATA bus safely;

f.    Failing to timely apply the brakes of the WMATA bus;

g.    Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.    Failing to sound the bus's horn;

i.    Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.    Was otherwise negligent.

23.    WMATA further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when it failed to exercise due care and failed to give an audible signal to warn the decedent.

24.    WMATA's violations of District of Columbia Municipal Regulations constitute negligence *per se*.

25.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of WMATA.

26.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

27.    As a direct and proximate result of the WMATA's acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

   a.    Expenses of death;

   b.    Pecuniary and non-pecuniary losses to Next of Kin;

   c.    Loss of society and comfort of the decedent;

   d    All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

   e.    Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin; and

   f.    Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT II
### (Survival Action As To WMATA: Negligence and Negligence *Per Se*)

28.    Plaintiff incorporates all previous Paragraphs.

29.    This Survival Action is brought by decedent's husband, Dr. Fenichel, as Personal Representative of the decedent's Estate, pursuant to D.C. Code Ann. § 12-101.

30.     WMATA owed a duty of care to decedent to operate the WMATA bus properly, with the degree of care and skill used by a reasonably competent driver under similar circumstances.

31.     WMATA breached its duty of care by and was negligent in the following ways:

a.      Failing to pay full time and attention;

b.      Failing to keep a proper lookout;

c.      Failing to maintain proper control of the WMATA bus;

d.      Failing to yield the right of way to a pedestrian lawfully crossing the street in a marked crosswalk;

e.      Failing to operate the WMATA bus safely;

f.      Failing to timely apply the brakes of the WMATA bus;

g.      Failing to operate the WMATA bus at a proper speed to avoid colliding with a pedestrian;

h.      Failing to sound the bus's horn;

i.      Failing to adhere to the applicable motor vehicle laws and regulations of the District of Columbia; and

j.      Were otherwise negligent.

32.     WMATA further violated District of Columbia Municipal Regulations designed to protect pedestrians such as decedent including Title 18, Chapter 2300.2, when it failed to exercise due care and failed to give an audible signal to warn the decedent.

33.     WMATA's violations of District of Columbia Municipal Regulations constitute negligence *per se*.

8

34.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of WMATA.

35.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

36.    From the time period when the bus struck and pinned Mrs. Fenichel under the bus until the time that she was pronounced dead at the hospital, Mrs. Fenichel was aware and conscious of her surroundings, and feared her own death.  During that time, she suffered extreme conscious, physical, mental and emotional pain and suffering.

37.    As a direct and proximate result of the WMATA's negligence, Mrs. Fenichel suffered extreme conscious, physical, mental and emotional pain and suffering, inconvenience and discomfort, and mental anguish prior to her horrific death.

38.    As a direct and proximate result of the WMATA's negligence, Mrs. Fenichel incurred medical and hospital expenses, and suffered past and future lost earning capacity.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., as Personal Representative of decedent's Estate, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT III
### (Wrongful Death As To Defendants DaimlerChrysler: Negligence)

39.    Plaintiff incorporates all previous Paragraphs.

40.    DaimlerChrysler owed a duty of care to Mrs. Fenichel to design, manufacture, construct, assemble, inspect and sell the bus with the degree of care and skill used by a reasonably competent person under similar circumstances.

41.    DaimlerChrysler breached its duty of care to Mrs. Fenichel by so negligently and carelessly designing, manufacturing, constructing, assembling, inspecting and selling the bus that it was dangerous and unsafe for its intended uses.

42.    The bus was placed into the stream of commerce and sold by DaimlerChrysler in a defective and unreasonably dangerous condition in that the design of the bus was such that it impaired the vision of its driver during normal usage.

43.    Upon information and belief, the bus, as designed, manufactured, constructed, assembled, inspected and sold by DaimlerChrysler, reached WMATA in substantially the same condition as when it left DaimlerChrysler's control, and remained unchanged and was in the same condition at the time of Mrs. Fenichel's death.

44.    Mrs. Fenichel's death was a direct and proximate result of the previously-identified negligent acts of DaimlerChrysler.

45.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

46.    As a direct and proximate result of the DaimlerChrysler's acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.    Expenses of death;

b.    Pecuniary and non-pecuniary losses to Next of Kin;

c.    Loss of society and comfort of the decedent;

d    All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

10

e.       Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin;

and

f.       Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal

representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in

the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this

Court finds just and proper.

### COUNT IV
**(Wrongful Death As To DaimlerChrysler:
Strict Products Liability – Design Defect)**

47.      Plaintiff incorporates all previous Paragraphs.

48.      At all times relevant to this Complaint, the bus and its component parts were

defective as to design, manufacture, construction, and assembly, which caused the bus and its

component parts to be in an unsafe and defective condition that made them unsafe for their

intended use.

49.      The bus was placed into the stream of commerce and sold by DaimlerChrysler

in a defective and unreasonably dangerous condition in that the design of the bus was such that

it impaired the vision of its driver during normal usage.

50.      Upon info and belief, the bus, as designed, manufactured, constructed,

assembled, inspected and sold by DaimlerChrysler, reached WMATA in substantially the same

condition as when it left DaimlerChrysler's control, and remained unchanged and was in the

same condition at the time of Mrs. Fenichel's death.

51.      On June 8, 2006, Mrs. Fenichel was struck and killed by the bus while it was

being used and operated in a foreseeable manner.

52.     Mrs. Fenichel's death was a direct and proximate result of the previously-identified defective and dangerous condition of the bus.

53.     Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

54.     As a direct and proximate result of the DaimlerChrysler's acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.     Expenses of death;

b.     Pecuniary and non-pecuniary losses to Next of Kin;

c.     Loss of society and comfort of the decedent;

d     All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

e.     Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin; and

f.     Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

## COUNT V
### (Survival Action As To DaimlerChrysler: Negligence)

55.     Plaintiff incorporates all previous Paragraphs.

56.    DaimlerChrysler owed a duty of care to Mrs. Fenichel to design, manufacture, construct, assemble, inspect and sell the bus with the degree of care and skill used by a reasonably competent person under similar circumstances.

57.    DaimlerChrysler breached its duty of care to Mrs. Fenichel by so negligently and carelessly designing, manufacturing, constructing, assembling, inspecting and selling the bus that it was dangerous and unsafe for its intended uses.

58.    The bus was placed into the stream of commerce and sold by DaimlerChrysler in a defective and unreasonably dangerous condition in that the design of the bus was such that it impaired the vision of its driver during normal usage.

59.    The bus, as designed, manufactured, constructed, assembled, inspected and sold by DaimlerChrysler, reached WMATA in substantially the same condition as when it left DaimlerChrysler's control, and remained unchanged and was in the same condition at the time of Mrs. Fenichel's death.

60.    Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

61.    As a direct and proximate result of the DaimlerChrysler's acts/omissions, Mrs. Fenichel's Next of Kin, including Dr. Fenichel, have been injured and damaged, including, but not limited to, the following particulars:

a.    Expenses of death;

b.    Pecuniary and non-pecuniary losses to Next of Kin;

c.    Loss of society and comfort of the decedent;

d    All damages recoverable under the Wrongful Death Act of the District of Columbia and its common-law interpretation;

e.    Loss of care and specific services provided by Mrs. Fenichel to her Next of Kin; and

f.    Being otherwise injured and damaged.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., individually, and as personal representative for Estate and Next of Kin, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

### COUNT VI
### (Survival Action As To DaimlerChrysler: Strict Products Liability)

62.    Plaintiff incorporates all previous Paragraphs.

63.    At all times relevant to this Complaint, the bus and its component parts were defective as to design, manufacture, construction, and assembly, which caused the bus and its component parts to be in an unsafe and defective condition that made them unsafe for their intended use.

64.    The bus was placed into the stream of commerce and sold by DaimlerChrysler in a defective and unreasonably dangerous condition in that the design of the bus was such that it impaired the vision of its driver during normal usage.

65.    The bus, as designed, manufactured, constructed, assembled, inspected and sold by DaimlerChrysler, reached WMATA in substantially the same condition as when it left DaimlerChrysler's control, and remained unchanged and was in the same condition at the time of Mrs. Fenichel's death.

66.    On June 8, 2006, Mrs. Fenichel was struck and killed by the bus while it was being used and operated in a foreseeable manner.

67.     Mrs. Fenichel was in no way contributorily negligent, nor did she assume any risk.

68.     From the time period when the bus struck and pinned Mrs. Fenichel under the bus until the time that she was pronounced dead at the hospital, Mrs. Fenichel was aware and conscious of her surroundings, and feared her own death.  During that time, she suffered extreme conscious, physical, mental and emotional pain and suffering.

69.     As a direct and proximate result of the DaimlerChrysler's negligence, Mrs. Fenichel suffered extreme conscious, physical, mental and emotional pain and suffering, inconvenience and discomfort, and mental anguish prior to her horrific death.

70.     As a direct and proximate result of the DaimlerChrysler's negligence, Mrs. Fenichel incurred medical and hospital expenses, and suffered past and future lost earning capacity.

WHEREFORE, Plaintiff Robert R. Fenichel, M.D., as Personal Representative of decedent's Estate, demands that the Court enter judgment in his favor in the amount of Thirty Million Dollars ($30,000,000.00), and for whatever further relief this Court finds just and proper.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____/s/ Scott Perry_____
    Bruce J. Klores - #358548
    Scott M. Perry - #459841
    1735 20th Street, N.W.
    Washington, DC 20009
    P: 202-628-8100
    Attorneys for Plaintiffs

PLAINTIFFS REQUEST A TRIAL BY JURY.


_____/s/ Scott Perry_____
Scott M. Perry


1845/Complaint.1st.Amend

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT R. FENICHEL, M.D.      )
                                   )
       Plaintiff,          )
                                   )
v.                             )    C. A. No. 1:07-CV-00768-JR
                                   )
WASHINGTON METROPOLITAN    )
AREA TRANSIT AUTHORITY, et al.   )
                                   )
       Defendants.       )

## <u>ORDER</u>

The Court, having considered Plaintiff's Motion requesting leave to file a First

Amended Complaint, and the sole Defendant WMATA having no objection, it is hereby

Ordered that the Motion is

GRANTED and Plaintiff's First Amended Complaint is deemed filed.

 

 

_____
United States District Judge

1845/mtn.leave.order