UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as a Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased : : : : : : : : Plaintiff, : : v. : : WASHINGTON METROPOLITAN : AREA TRANSIT AUTHORITY, : : and : : ORION BUS INDUSTRIES, INC. : : and : : DAIMLERCHRYSLER CORPORATION : : and : : DAIMLERCHRYSLER COMMERCIAL : BUSES NORTH AMERICA, INC. : : Defendants. : | Case No.: 1:07-cv-00768-JR |

## ANSWER OF DEFENDANT WMATA
## TO FIRST AMENDED COMPLAINT

### FIRST DEFENSE

The First Amended Complaint herein fails to state a cause of action against Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), for which relief may be granted.

**SECOND DEFENSE**

**JURISDICTION AND VENUE**

1. WMATA admits that this Court has jurisdiction against WMATA only and as to Counts I and II only, pursuant to D.C. Code §§ 9-1107.01(81) and 9-1107.10. WMATA is without knowledge or information sufficient to admit or deny the other allegations of Paragraph One.

2. WMATA admits only that venue is proper. All other allegations of Paragraph Two are denied.

**PARTIES**

3. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraph Three; therefore, they are denied.

4. WMATA admits the allegation of the first sentence of Paragraph Four. WMATA denies the allegations of the second sentence of Paragraph Four.

5. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraph Five; therefore, they are denied.

6. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraph Six; therefore, they are denied.

7. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraph Seven; therefore, they are denied.

8. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraph Eight; therefore, they are denied.

9. WMATA admits that on June 8, 2006 at approximately 11:00 p.m., Emily

Fenichel was a pedestrian crossing Wisconsin Avenue, N.W., at its intersection with Jenifer St., N.W. in the District of Columbia. All other allegations of Paragraph Nine are denied.

10. WMATA admits that Michelle Ferguson was operating a D.C. registered WMATA bus, tag B37901, and that Ms. Ferguson made a right turn onto Wisconsin Avenue from Jenifer Street, N.W. All other allegations of Paragraph Ten are denied.

11-12. WMATA denies the allegations of Paragraphs 11 and 12.

13-16. WMATA is without knowledge or information sufficient to admit or deny the allegations of Paragraphs 13-16; therefore, they are denied.

17. WMATA admits only that Michelle Ferguson was employed by WMATA and operating the WMATA bus within the scope of her employment of WMATA on June 8, 2006, as stated in Paragraph Seventeen. The remainder of the allegations are legal conclusions to which no response is required; to the extent a response is required, they are denied.

18. WMATA admits the allegations of Paragraph Eighteen.

## COUNT I

### (Wrongful Death As To WMATA)

19. WMATA incorporates by reference all previous Paragraphs as if set forth in full herein.

20. The first sentence of Paragraph Twenty is a statement of the nature of the claim to which no response is necessary. WMATA is without information sufficient to admit or deny the remainder of the allegations of Paragraph Twenty; therefore, they

are denied.

21.  The allegations of Paragraph Twenty-one are legal conclusions to which no response is required; to the extent a response is required, they are denied.

22-27.  WMATA denies the allegations contained in Paragraphs Twenty-two through Twenty-seven.

## COUNT II

### (Survival Action As To WMATA)

28.  WMATA incorporates by reference all previous Paragraphs as if set forth in full herein.

29.  The allegation of Paragraph Twenty-nine is a statement of the nature of the claim to which no response is necessary.

30.  The allegations of Thirty are legal conclusions to which no response is required; to the extent a response is required, they are denied.

31-38.  WMATA denies the allegations of Paragraphs Thirty-one through Thirty-eight.

## COUNT III

### (Wrongful Death As To Defendants DaimlerChrysler: Negligence)

39-46.  Count III (Paragraphs Thirty-nine to Forty-six) pertains solely to the DaimlerChrysler Defendants, and requires no response from WMATA.  To the extent any answer is deemed necessary, WMATA denies the allegations.

## COUNT IV

### (Wrongful Death As To DaimlerChrysler: Strict Products Liability--Design Defect)

47-54.  Count IV (Paragraphs Forty-seven to Fifty-four) pertains solely to the DaimlerChrysler Defendants, and requires no response from WMATA.  To the extent any answer is deemed necessary, WMATA denies the allegations.

## COUNT V

### (Survival Action As To DaimlerChrysler:  Negligence)

55-61.  Count V (Paragraphs Fifty-five to Sixty-one) pertains solely to the DaimlerChrysler Defendants, and requires no response from WMATA.  To the extent any answer is deemed necessary, WMATA denies the allegations.

## COUNT VI

### (Survival Action As To DaimlerChrysler: Strict Products Liability)

62-70.  Count VI (Paragraphs Sixty-two to Seventy) pertains solely to the DaimlerChrysler Defendants, and requires no response from WMATA.  To the extent any answer is deemed necessary, WMATA denies the allegations.

## THIRD DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the First Amended Complaint, her injuries, if any, were the sole result of the acts of a person or persons other than WMATA or WMATA's servants, agents, or employees acting within the scope of their employment.

**FOURTH DEFENSE**

WMATA asserts that Plaintiff's action is barred in whole, or in part by WMATA's sovereign/governmental immunity and Section 80 of the WMATA Compact.

**FIFTH DEFENSE**

WMATA asserts Plaintiff injuries were caused by her sole and contributory negligence and/or her assumption of risk.

**SIXTH DEFENSE**

WMATA intends to rely on all defenses available from the evidence at the time of any trial and expressly reserves the right to assert such a defense as the facts become known.

Further answering the First Amended Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the First Amended Complaint, WMATA respectfully requests that this matter be dismissed and that it be awarded costs.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
  TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

 /s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel

 /s/ Gerard J. Stief
Gerard J. Stief  #925933

        Associate General Counsel
        (202) 962-1463

        /s/ Janice L. Cole
        Janice L. Cole  #440351
        Associate General Counsel
        600 Fifth Street, N.W.
        Washington, D.C.  20001
        (202) 962-2543
        Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June 2007, a copy of the foregoing <u>Answer of Defendant WMATA</u> was electronically transmitted to:

    Bruce J. Klores #358548
    Scott M. Perry #459841
    Bruce J. Klores & Associates
    1735 20th Street, NW
    Washington, DC 20009
    202-628-8100
    Attorneys for Plaintiffs

and a copy was sent by mail, first class, postage prepaid, to:

DaimlerChrysler Corporation and  Orion Bus Industries, Inc.
    c/o CT Corporation System
    1015 15th Street, N.W.
    Washington, D.C.  20005

DaimlerChrysler Commercial Buses North America, Inc.
    c/o The Corporation Trust Incorporated
    300 E. Lombard Street
    Baltimore, MD   21202

        /s/ Janice L. Cole
        Janice L. Cole #440351