UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased,<br>          Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY; ORION BUS INDUSTRIES, INC.; DAIMLERCHRYSLER CORPORATION, and DAIMLERCHRYSLER COMMERCIAL BUSES NORTH AMERICA, INC.,<br>          Defendants. | C.A. No. 1:07-00768-JR |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, DaimlerChrysler Commercial Buses North America, Inc. f/k/a Orion Bus Industries, Inc. ("DCBNA"), by and through its undersigned attorneys, JORDAN COYNE & SAVITS, L.L.P. and CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, for its Answer to Plaintiff's First Amended Complaint states as follows:

### FIRST DEFENSE

The First Amended Complaint fails to state any claim upon which relief may be granted as against this Defendant.

### SECOND DEFENSE

In answer to the numbered paragraphs of the First Amended Complaint, this Defendant states as follows:

#### Jurisdiction and Venue

1.    This Defendant admits that this Court has jurisdiction over this cause of action.

2. This Defendant admits that venue is proper, however, this Defendant denies the allegation that it was negligent.

## PARTIES

3. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3; therefore, they are denied.

4. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4; therefore, they are denied.

5. This Defendant admits the allegations contained in this paragraph, as they pertain to only this Defendant.

6. This Defendant admits the allegations contained in this paragraph, as they pertain to only this Defendant.

7. This Defendant admits the allegations contained in this paragraph, as they pertain to only this Defendant.

## FACTS

8. This Defendant admits the allegations contained in this paragraph, as they pertain to only this Defendant.

9. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9; therefore, they are denied.

10. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10; therefore, they are denied.

11. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11; therefore, they are denied.

12. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12; therefore, they are denied.

13. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13; therefore, they are denied.

14. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14; therefore, they are denied.

15. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15; therefore, they are denied.

16. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16; therefore, they are denied.

17. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17; therefore, they are denied.

18. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18; therefore, they are denied.

## COUNT I
**(Wrongful Death As To WMATA; Negligence and Negligence *Per Se*)**

19-27. The allegations contained in Paragraphs 19 through 27 are not directed at this defendant. Therefore, this Defendant makes no answer as to these allegations. However, to the extent any of these allegations are construed to be alleged against this Defendant, they are denied.

## COUNT II
### (Survival Action As to WMATA; Negligence and Negligence *Per Se*)

28-38.  The allegations contained in Paragraphs 28 through 38 are not directed at this Defendant. Therefore, this Defendant makes no answer as to these allegations. However, to the extent any of these allegations are construed to be alleged against this Defendant, they are denied.

## COUNT III
### (Wrongful Death As to Defendants DaimerChrysler; Negligence)

39. This Defendant incorporates all previous answers, as though fully forth herein.

40. This Defendant admits only to that legal duty as may be imposed by case law or statute, but denies that said legal duty is properly alleged in paragraph 40.

41. This Defendant denies the allegations contained in Paragraph 41.

42. This Defendant denies the allegations contained in Paragraph 42.

43. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43; therefore, they are denied.

44. This Defendant denies the allegations contained in Paragraph 44.

45. This Defendant denies the allegations contained in Paragraph 45.

46. This Defendant denies the allegations contained in Paragraph 46, including subparts a through f.

WHEREFORE, Defendant DaimlerChrysler Commercial Buses North America, requests that the Court enter judgment in its favor and against Plaintiff, and for whatever further relief this Court finds just and proper.

## COUNT IV
### (Wrongful Death As To DaimlerChrysler:
### Strict Products Liability – Design Defect)

47. This Defendant incorporates all previous answers, as though fully forth herein.

48. This Defendant denies the allegations contained in Paragraph 48.

49. This Defendant denies the allegations contained in Paragraph 49.

50. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50; therefore, they are denied.

51. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51; therefore, they are denied.

52. This Defendant denies the allegations contained in Paragraph 52.

53. This Defendant denies the allegations contained in Paragraph 53.

54. This Defendant denies the allegations contained in Paragraph 54, including subparts a through f.

WHEREFORE, Defendant DaimlerChrysler Commercial Buses North America, requests that the Court enter judgment in its favor and against Plaintiff, and for whatever further relief this Court finds just and proper.

## COUNT V
### (Survival Action As To Daimler Chrysler: Negligence)

55. This Defendant incorporates all previous answers, as though fully forth herein.

56. This Defendant admits only to that legal duty as may be imposed by case law or statute, but denies that said legal duty is properly alleged in paragraph 56.

57. This Defendant denies the allegations contained in Paragraph 57.

58. This Defendant denies the allegations contained in Paragraph 58.

59. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59; therefore, they are denied.

60. This Defendant denies the allegations contained in Paragraph 60.

61. This Defendant denies the allegations contained in Paragraph 61, including subparts a through f.

WHEREFORE, Defendant DaimlerChrysler Commercial Buses North America, requests that the Court enter judgment in its favor and against Plaintiff, and for whatever further relief this Court finds just and proper.

## COUNT VI
### (Survival Action As To DaimlerChrysler: Strict Products Liability)

62. This Defendant incorporates all previous answers, as though fully forth herein.

63. This Defendant denies the allegations contained in Paragraph 63.

64. This Defendant denies the allegations contained in Paragraph 64.

65. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65; therefore, they are denied.

66. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66; therefore, they are denied.

67. This Defendant denies the allegations contained in Paragraph 67.

68. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68; therefore, they are denied.

69. This Defendant denies the allegations contained in Paragraph 69.

70. This Defendant denies the allegations contained in Paragraph 70.

WHEREFORE, Defendant DaimlerChrysler Commercial Buses North America, requests that the Court enter judgment in its favor and against Plaintiff, and for whatever further relief this Court finds just and proper.

### THIRD DEFENSE

The relief sought in the First Amended Complaint is, or may be, barred by the doctrines of contributory negligence, assumption of the risk, lack of causation, intervening/superceding acts, compliance with governmental regulations, lack of a defect making the product unreasonably dangerous, subsequent modifications/alterations to the product, and any such other defenses as the discovery record herein will support. This Defendant expressly reserves the right to amend this Answer based on new or additional information.

### FOURTH DEFENSE

This Defendant denies any averment of fact not expressly admitted herein and reserves the right to seek appropriate contribution or indemnity from all co-defendants or other non-party tortfeasors.

WHEREFORE, having fully answered the First Amended Complaint, Defendant DaimlerChrysler Commercial Buses North America, Inc. f/k/a Orion Bus Industries, Inc., respectfully prays that said First Amended Complaint be dismissed, with prejudice, and that it be awarded all appropriate costs.

Respectfully submitted,

| | |
|---|---|
| William J. Cremer, Esquire<br>Bradley M. Burd, Esquire<br>CREMER, KOPON, SHAUGHNESSY<br>   & SPINA, LLC<br>Suite 3300<br>180 N. LaSalle Street<br>Chicago, IL 60601<br>(312) 276-3800<br>Fax: (312) 726-3818<br>E-mail: BBurd@cksslaw.com<br><br>Of Counsel for Defendant, DaimlerChrysler<br>Commercial Buses North America, Inc.<br>f/k/a Orion Bus Industries, Inc. | JORDAN COYNE & SAVITS, L.L.P.<br><br>By: _/s/ David P. Durbin_____<br>David P. Durbin (Bar #928655)<br>1100 Connecticut Avenue, NW<br>Suite 600<br>Washington, DC 20036<br>(202) 496-2804<br>Fax: (202) 496-2800<br>E-mail: d.durbin@jocs-law.com<br><br>Counsel for Defendant, DaimlerChrysler<br>Commercial Buses North America, Inc. f/k/a<br>Orion Bus Industries, Inc. |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer To First Amended Complaint was mailed, first class and postage prepaid, this 6th day of July, 2007 to:

> Bruce J. Klores, Esquire
> Scott M. Perry, Esquire
> BRUCE J. KLORES & ASSOCIATES, P.C.
> 1735 20th Street, NW
> Washington, DC 20009
>   Counsel for Plaintiff
>
> Gerard Joseph Stief, Esquire
> Janice Lynn Cole, Esquire
> WASHINGTON METROPOLITAN AREA
>   TRANSIT AUTHORITY
> 600 5th Street, NW
> Washington, DC 20001
>   Counsel for WMATA

_/s/ David P. Durbin_____
David P. Durbin