# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** : | |
| **Individually, and as a Personal** : | |
| **Representative of the** : | |
| **Estate and Next of Kin of** : | |
| **EMILY S. FENICHEL, Deceased** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Case No.: 1:07-cv-00768-JR** |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY, et al.** : | |
| : | |
| : | |
| **Defendants.** : | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND REQUEST
## FOR IN CAMERA REVIEW

Defendant Washington Metropolitan Area Transit Authority (WMATA), by counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moves this court for the entry of a protective order precluding the plaintiff from discovering or obtaining any evidence regarding either:1) the Unemployment Hearing of Bus Operator Michelle Ferguson, or, 2) any disciplinary process related to bus operator Michelle Ferguson, including the evaluations, opinions, and any final analyses regarding the termination of her employment and the bus accident of June 8, 2006. For the reasons stated in the memorandum of points and authorities, defendant WMATA respectfully submits that such matters should be not be discoverable based upon public policy, because they are irrelevant opinions by WMATA operations supervisors and would have a chilling effect on its self-analysis and self-evaluation conducted for safety reasons.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

 /s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel

 /s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463


 /s/ Janice L. Cole
Janice L. Cole, #440351
Associates General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543


## COORDINATION WITH COUNSEL

Pursuant to Rule 26( c) counsel for WMATA has had many email and telephonic

conversations with Plaintiff's counsel regarding the issues in this motion over the last several

weeks,  and Plaintiff's counsel is aware that WMATA will be filing this motion and will oppose

it.  Counsel for Daimler Chrysler takes no position regarding this motion.


/s/ Janice L. Cole
Janice L. Cole

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| **ROBERT R. FENICHEL, M.D.** | : | |
| **Individually, and as a Personal** | : | |
| **Representative of the** | : | |
| **Estate and Next of Kin of** | : | |
| **EMILY S. FENICHEL, Deceased** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:07-cv-00768-JR** |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY, et al.** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

---

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant WMATA respectfully requests this court to enter a protective order,
precluding the plaintiff from discovering or obtaining any evidence regarding either: 1) the
unemployment hearing of Bus Operator Michelle Ferguson, or 2) any disciplinary process related
to  bus operator Michelle Ferugson, including the evaluations, analyses, opinions, and any final
decisions regarding her employment and the accident of June 8, 2006.  Rule 26 ( c) of the Federal
Rules of Civil Procedure allows a party to file a motion for protective order requesting that
discovery or disclosures not be had, if the parties have made a good faith attempt as resolving the
issues, as the parties have in this matter.

**A.      Statement of Facts**

_____The incident took place on June 8, 2006 at approximately 10:55 p.m at the intersection of Wisconsin Avenue and Jenifer Streets, N.W., Washington, D.C.   Bus operator Michelle Ferguson was making a right turn from Jennifer Street onto southbound Wisconsin Avenue on a green light, when decedent Emily Fenichel crossed in front of the bus against a flashing "Don't Walk" pedestrian signal.   A Metropolitan Police report found that a blind spot caused by the "A frame" of the bus, in combination with some other external factors, prevented the bus operator from seeing Emily Fenichel.  As a result, Ms. Fenichel was hit at the front of the bus and became lodged under the bus.

        Plaintiff has propounded interrogatories and requests for production of documents to WMATA.   WMATA has responded to the requests.  Some documents were never produced by WMATA because  Plaintiff's requests did not cover them and were deemed by WMATA privileged under its self-evaluative privilege.   These documents related to bus operator Michelle Ferguson's unemployment hearing.   There are some documents which WMATA has provided, with redactions clearly indicated on the document.   The redactions are based upon WMATA's valid self-evaluative privilege.   WMATA objected and provided no documents in response to some requests based upon its self-evaluative privilege.

        Plaintiff has complained that WMATA did not inform Plaintiff of bus operator Ferguson's unemployment hearing, or the documents which related to that hearing.   WMATA has no duty to inform Plaintiff's counsel of information not requested in discovery.   WMATA seeks a protective order to prevent disclosure of unemployment documents outside the scope of

4

the discovery requests, as well as all documents or portions of documents that are protected by

WMATA's self-evaluative privilege.

A telephonic conference call was held with the Court on November 1, 2007.  Although

Your Honor indicated that you were inclined to require production, the Court stated that the

parties had the right to file a motion with respect to the issues presented.  The arguments herein

and the cases attached support WMATA's position against release and disclosure.


A.    **WMATA SHOULD NOT BE REQUIRED TO PRODUCE DOCUMENTS
       RELATED TO MICHELLE FERGUSON'S UNEMPLOYMENT HEARING**

Plaintiff contends that WMATA has failed to inform him of the unemployment hearing

held to determine whether or not bus operator Michelle Ferguson should receive benefits  and to

provide all documents and pleadings in that matter.    Plaintiff refers to Interrogatory No. 12 and

Document Request No. 11 as the basis for this complaint.   Interrogatory No. 12 and WMATA's

answer are as follows:

> 12.  If the bus operator was charged with any offenses, or was
> disciplined/terminated by WMATA arising out of the occurrence, state the nature
> of the charges, the court and case number, and the disposition of the
> charges/discipline.

> **ANSWER**: The bus operator was not charged with any offense.  WMATA
> objects, based on its self-evaluative privilege and relevancy, to the extent this
> interrogatory, or any other discovery request, seeks information related to
> WMATA's internal disciplinary process.

The interrogatory requests information about "charges, court and case number and

disposition of charges" of which there were none, as well as discipline and disposition of the

discipline, to which WMATA timely objected.   Nothing in interrogatory number 12 refers to

anything other than criminal charges or the disposition of any discipline imposed on the bus operator.

As to Document Request No. 11, and WMATA's response:

11.  "Any and all documents, photographs, claims evaluations or copies of checks for loss of damages, pertaining to Plaintiff's claim.

RESPONSE:  Objection.  This request seeks in whole or in part information protected by attorney-client privilege and attorney-work product.  Subject to, and without waiving the objection, please refer to the produced documents.  Without waiving the objection, WMATA is in possession of claim's adjuster's reports for which WMATA asserts privilege.

Nothing in this request could be construed as pertaining to the bus operator's unemployment hearing.  As the drafter of the discovery requests, any ambiguity is to be construed against Plaintiff; if Plaintiff had wanted information other than criminal charges, internal discipline, or information pertaining to *Plaintiff's* claim, it was Plaintiff's responsibility to request such information, not WMATA's to expand the scope of an interrogatory.  Plaintiff cannot complain because he failed to  make broad requests, and then retrofit his interrogatory and document request based on information he has obtained elsewhere.  WMATA is not required to provide information or documents which have not been requested.

**B.    PUBLIC POLICY JUSTIFIES PROTECTING FROM DISCOVERY RECORDS AND INFORMATION OF ANY INTERNAL DISCIPLINARY PROCEEDINGS, OPINIONS AND DETERMINATIONS.**

WMATA respectfully submits that its self-evaluation and self-analysis should be accorded protection under a public policy which encourages such post-accident evaluations for the purpose of instituting remedial discipline and fostering safe operation of WMATA buses. Requiring WMATA to produce the mental impressions and opinions of the WMATA supervisor

who evaluated this accident and made the decision to discipline bus operator Ferguson would

chill and deter future evaluations aimed at improving WMATA's safe operation of its buses.

Federal courts interpreting discovery rules have denied or strictly limited discovery based purely

on public policy considerations of protecting such self-evaluative processes, opinions and

conclusions.  See Gilbert v. WMATA, Civil Action No. 85-535 (D.D.C., Sept. 3, 1986)

(Revercomb, J.) (safety evaluations of rail station) (attached); Whisenton v. WMATA, Civil

Action No. 88-2637, slip op. at 3 (D.D.C. Dec. 22, 1988) (Gessell, J.) (bus operator evaluations)

(attached); Georgetown Univ. Hosp., 656 F. Supp. 824, 826 (D.D.C. 1987) and Bredice v.

Doctor's Hosp., 50 F.R.D 249, 250-51 (D.D.C. 1970) (hospital staff committees charged with

reviewing clinical work at hospital); O'Connor v. Chrysler Corp., 86 F.R.D. 211, 216-18 (D. Ma.

1980) and Penk v. Oregon State Bd. of Higher Education, 99 F.R.D. 506 (D. Or. 1982) (reports

of affirmative action programs prepared to comply with federal employment opportunity laws);

Webb v. Westinghouse Electric Corp. 81 F.R.D. 431 (E.D. Pa. 1978).

The D.C. Court of Appeals has considered the Federal courts approach and  has accepted

that public policy considerations justify protecting from discovery the analyses, opinions, and

conclusions drawn by scientific researchers from their data.  Plough Inc. v. Nat'l Academy of

Sciences, 530 A.2d 1152, 1157 (D.C. 1987), citing Ross v. Bolton, 106 F.R.D. 22, 24 (S.D.N.Y.

1985) (material representing staff analyses of date in quasi-governmental agencies investigation

into illegal securities trading protected from discovery; defendant permitted discovery of factual

data, but not staff analyses of data).

In Granger v. National Railroad Passenger Corporation, 116 F.R.D. 507 (E.D. Pa. 1987),

the district court applied the self-evaluative privilege and protected the plaintiff from discovering

opinions and conclusions regarding an accident that Amtrak investigated.  Plaintiff Granger had

sought to compel Defendant Amtrak to produce documents without redactions under portions

with headings, "Accident Analysis," "Cause," "Contributing Factors" and "Committee

Recommendations."   Amtrak asserted the self-critical analysis doctrine protected production of

these redacted sections.  The district court discussed the policies underlying this privilege or

doctrine, noting that it is based on "the need to promote candid and forthright self-evaluation."

Granger, 116 F.R.D. at 509.  The court then protected from discovery the portions of the

documents which clearly encompassed opinions and recommendations, i.e., Accident Analysis

and Committee Recommendations, finding that the production of these portions "would tend to

hamper honest, candid self-evaluation."  Granger, 116 F.R.D at 510.

        In Martin v. Potomac Electric Power Co., 1990 WL 158787, at 2 (D.D.C. 1990), the

district court stated that the privilege recognized in Bredice had continuing vitality in cases

involving public health and safety, even though it declined to apply the privilege under the

particular facts of that case (a Title VII claim).  It stated, "It is critical that efforts to understand

and correct dangerous conditions are not blocked because companies fear that evidence gathered

as part of the corrective process will later be used against them."  1990 WL 158787 at 1.

        WMATA would welcome an *in camera* review of the withheld items and/or redacted

items.  Such a review would make clear to this court the purposes for which the documents were

created, i.e., safety analysis for future purposes.

        For these important policy reasons, WMATA should not be required to produce either the

post-accident evaluations of the accident or any disciplinary action taken regarding operator

Michelle Ferguson. Further, WMATA should not be required to provide costly and time-

consuming discovery on sensitive, privileged matters involving discipline.  Such information and

documents are neither discoverable nor admissible as trial evidence.Wherefore, defendant

WMATA respectfully requests this Court to grant its motion for protective order.

<div style="margin-left:40%">

Respectfully submitted,


WASHINGTON METROPOLITAN AREA
    TRANSIT AUTHORITY


 /s/ Janice L. Cole
Gerard J. Stief, ##925933
Janice L. Cole, #440351
Associates General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2814

</div>

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

I hereby certify that a copy of foregoing Motion for Protective Order, Memorandum,

Exhibits and Order was sent via the court's electronic service this   16th   day of November,

2007, to:


 Bruce J. Klores #358548
 Scott M. Perry #459841
 Bruce J. Klores & Associates
1735 20th Street, NW
Washington, DC 20009
202-628-8100
Attorneys for Plaintiffs

and

David P. Durbin #928655
Jordan Coyne & Savits, LLP
1100 Connecticut Avenue

Suite 600
Washington, DC 20036
(202) 496-2804
d.durbin@jocs-law.com
Counsel for Defendant DaimlerChrysler

and

William J. Cremer
Bradley M. Burd
Cremer, Kopon, Shaughnessy & Spina, LLC
Suite 3300
180 N. LaSalle Street
Chicago, IL 60601
 (312) 276-3800
BBurd@cksslaw.com
Of Counsel for Defendant, DaimlerChrysler


        _____
        Janice L. Cole

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** | : |
| **Individually, and as a Personal** | : |
| **Representative of the** | : |
| **Estate and Next of Kin of** | : |
| **EMILY S. FENICHEL, Deceased** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :   **Case No.: 1:07-cv-00768-JR** |
| | : |
| **WASHINGTON METROPOLITAN** | : |
|   **AREA TRANSIT AUTHORITY, et al.** | : |
| | : |
| | : |
| **Defendants.** | : |

O R D E R

_____Upon consideration of Defendant WMATA's motion for protective order, and any

opposition thereto, it is this _____ day of _____, 2007, ORDERED

That WMATA's motion is GRANTED, and the Plaintiff may not seek documents from

WMATA regarding the unemployment hearing of Michelle Ferguson and it is further,

ORDERED, that Plaintiff is not entitled to discover any documents or evidence regarding

WMATA's disciplinary evaluations or actions regarding Michelle Fergusons's job status, nor any

opinions or conclusions in documents  relating to or about the accident of June 8, 2006 at

Wisconsin and Jennifer.


_____
United States District Judge

Copies to:

Gerard J. Stief
Janice L. Cole
Associates General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C. 20001

David P. Durbin #928655
Jordan Coyne & Savits, LLP
1100 Connecticut Avenue
Suite 600
Washington, DC 20036

William J. Cremer
Bradley M. Burd
Cremer, Kopon, Shaughnessy & Spina, LLC
Suite 3300
180 N. LaSalle Street
Chicago, IL 60601

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CONCHITA WHISENTON,                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )     Civil Action No. 88-2637
                                       )
WASHINGTON METROPOLITAN                )
AREA TRANSIT AUTHORITY,                )
                                       )
          Defendant.                   )


## MEMORANDUM AND ORDER

     The underlying complaint in this case concerns the injuries
plaintiff allegedly sustained when alighting from a Washington
Metropolitan Area Transit Authority (WMATA) bus.  The Court has
before it plaintiff's Motion to Compel Production of Documents,
defendant's Opposition thereto; defendant's Motion for a
Protective Order filed November 8, 1988 and plaintiff's
opposition thereto; and defendant's Motion for a Protective Order
filed December 16, 1988, and the Court heard counsel on these
motions.

A.   **Plaintiff's Motion to Compel.**

     Plaintiff seeks to compel production of three types of
documents:  (1) the incident report prepared by the bus operator
concerning the occurrence described in the complaint; (2) the
complete driving record for the operator of the bus; and (3) any
reports prepared by a supervisor or safety committee regarding
the incident.  The defendant asserts that the first and third

requests were prepared in anticipation of litigation, and are part of the self-evaluative and deliberative process; thus, they are non-discoverable. It contends that the driving record will not lead to any admissible evidence, as the plaintiff has not alleged a negligent hiring or negligent entrustment theory.

Rule 26 (b)(3) of the Federal Rules of Civil Procedure provides that:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has <u>substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.</u> In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party concerning the litigation. (Emphasis added.)

1. The Accident Report

With respect to the first request, the accident report by the driver, the Court has examined the report itself, and found that the plaintiff is entitled to receive it. It appears to have been signed by the driver himself in accordance with the handbook for metrobus operators (plaintiff's ex. 1). Although the plaintiff has the ability to subpoena the driver, statements made in the incident report may be useful for impeachment purposes, as they are made immediately after or on the same day that an accident or incident occurs.

2

## 2. Investigative Reports

With respect to reports prepared by a supervisor or safety committee, the Court denies the plaintiff's motion to compel. The Court accepts the defendant's contentions that these reports are, realistically, prepared with an eye toward suits that may be filed as a result of an accident. Although WMATA requires that these reports always be prepared after an accident, and it has not produced any document stating flatly that they are prepared for litigation, this does not make them reports made in the ordinary course of business without an eye to litigation as plaintiff contends. A frequent defendant in personal injury cases, WMATA has ample reason to believe that accidents are likely to lead to claims or litigation. The Court was advised at argument that drivers are not required to file a signed statement or to testify, but rather simply appear for informal questioning which is summarized by the interviewer. This normal precaution has, on its face, little evidentiary value.

The Court also finds persuasive WMATA's contention that discovery of safety committee reports would intrude on WMATA's qualified privilege for self-examination. Discovery would impinge on WMATA's ability to evaluate when bus drivers were at fault, what the cause of an accident was, how best to prevent accidents in the future, as well as whether to settle a claim or defend it in court. Bredice v. Doctor's Hospital, Inc., 50 F.R.D. 249, 250-251 (D.D.C. 1970), aff'd, 479 F.2d 920 (D.C.Cir. 1973).

3

As quoted above, Rule 26 (b)(3) permits discovery of documents prepared in anticipation of litigation only if the party requesting discovery asserts a "substantial need," which plaintiff has not done here, except with respect to the signed statements of the bus driver. She asserts that she suffered a badly broken left leg as a result of the accident, and that she was transported from the scene by ambulance and was unable to gather any names of witnesses or other information on the occurrence. If there were witnesses, the Court would order that she be furnished names and addresses and, on a proper showing, permitted to see their signed statements contained in any of the incident reports. Likewise, if any report contained photos, the plaintiff would have been entitled to see them despite the fact that they might have been made or taken in anticipation of litigation. However, the defendant answered plaintiff's interrogatories on October 11, 1988, and stated that there are no known eyewitnesses to any part of the occurrence, that it does not know the names of any passengers on the bus during the time when the accident occurred and that WMATA has no photographs, plats or diagrams of the scene.

Since mid-October, the plaintiff has had the name and work address of the bus driver, and those whom WMATA sent to the scene of the accident within the hour. She may take the deposition of the driver, and request his copy of the safety committee investigation, which may have been given to him following the investigation.

4

The Court concludes the plaintiff has no substantial need to compel production of accident reports prepared by WMATA supervisors and that such production would intrude on the privileges defendant claims.

C. Driving Record

With respect to the driving records of the bus driver, WMATA objects on the ground that it will not lead to the discovery of any admissible evidence, and defendant's counsel states generally that the reports contain vast quantities of irrelevant evidence, though counsel has not examined the report of this driver nor was it available at argument.

Plaintiff asserts that the record may contain important impeachment material, and that defendant has not yet admitted liability, although it accepts respondeat superior responsibility. Plaintiff contends that the records may show that the driver may have been warned that he had allowed a bus to move when the rear door was still open -- the situation that plaintiff alleges caused her injuries. Plaintiff states that, "A typical habit of operation is for the operator to allow the rear door emergency brake to contain the bus while it is left in a forward gear and thus permit the bus to begin moving as soon as the back door has been closed." However, such a practice does not rise to the level of habit pursuant to Fed. R. Evid. 406, and it may not have been recorded in the driving record in any event.

However, prior accidents of a similar type may be recorded in the driver's record, and these may be relevant, and the record

5

as a whole may disclose a negligent tendency. The defendant is hereby ordered promptly to provide the Court with the single page "cover sheet" described at argument which summarizes all accidents in which the driver was involved, if any, as a bus driver  After in camera inspection, the Court will determine which parts of the file, if any, shall be tendered to plaintiff. The motion to compel discovery of the accident file will be resolved at that time.

B. Defendant's November 8, 1988 Motion for a Protective Order

Defendant seeks an order protecting during depositions: (1) the driving record of the operator involved in this occurrence; (2) WMATA procedures for audit and review of bus driver actions and procedures.

Plaintiff did not fully explain the relevance of WMATA's procedures for auditing and reviewing bus driver actions to his theory of the case. Defendant's motion to preclude discovery of WMATA's procedures under (2), above, is denied. The motion as to (1), above, is mooted by the Court's ruling.

C. Defendant's December 16, 1988 Motion for a Protective Order

Defendant's motion for a protective order to preclude the appearance of an Assistant General Manager at the December 19, 1988 motion hearing is denied as moot.

SO ORDERED.

*Zohand A. Zusey*

UNITED STATES DISTRICT JUDGE

December 22, 1988.

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLAUDE GILBERT, ETC.,            :

            Plaintiffs           :

        v.                       :            C.A. No. 85-535

WMATA, ET AL.,                   :        F I L E D

            Defendants           :        OCT - 9 1986

                                 JAMES F. DAVEY, Clerk

                    ORDER

    This matter is before the Court on plaintiff's Motion to
Compel WMATA to produce ten documents responsive to plain-
tiff's interrogatories numbers 2 and 3 but claimed to be
privileged.  The Court has considered the motion and oppo-
sition, and has viewed the documents in camera.  Many of the
documents refer to candid self-evaluation of WMATA's per-
sonnel, policies and escalator safety.  The majority of
these documents are not discoverable as they are protected
by the public policy of encouraging such communication to
improve service and safety.  Other documents are not dis-
coverable as they encompass the mental impressions and con-
clusions of WMATA personnel.

    Plaintiff's Motion to Compel is hereby GRANTED in part
and DENIED in part in accordance with the following direc-
tions:

    1.  Handwritten memorandum from G. Bretz to M. Melling-
ton, dated        This document is not discoverable, as
it concerns escalator evaluations for the purpose of inst--
tuting remedial safety measures.

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLAUDE GILBERT, ETC.,           :

            Plaintiffs          :

        v.                      :              C.A. No. 85-535

WMATA, ET AL.,                  :              FILED

            Defendants          :              OCT - 9 1986

                            ORDER         JAMES F. DAVEY, Clerk

    This matter is before the Court on plaintiff's Motion to
Compel WMATA to produce ten documents responsive to plain-
tiff's interrogatories numbers 2 and 3 but claimed to be
privileged.  The Court has considered the motion and oppo-
sition, and has viewed the documents in camera.  Many of the
documents refer to candid self-evaluation of WMATA's per-
sonnel, policies and escalator safety.  The majority of
these documents are not discoverable as they are protected
by the public policy of encouraging such communication to
improve service and safety.  Other documents are not dis-
coverable as they encompass the mental impressions and con-
clusions of WMATA personnel.

    Plaintiff's Motion to Compel is hereby GRANTED in part
and DENIED in part in accordance with the following direc-
tions:

    1.  Handwritten memorandum from G. Bretz to M. Melling-
ton, dated . . . . This document is not discoverable, as
it concerns escalator evaluations for the purpose of insti-
tuting remedial safety measures.

# EXHIBIT B

-2-

2.   Interoffice memorandum from G. Bretz to M. Mellington, dated 2/4/85.  The first page of this memo must be produced in its entirety as it constitutes a solely factual description of two post-accident inspections.  The second page is not discoverable as it contains the mental impressions and conclusions of the post-accident inspection.

3.   Inter-office memorandum from G. Bretz to D. Cooksley.  The first and third paragraphs of this document are to be produced as they relate to factual descriptions of escalator accidents and inspections.  The second and fourth paragraphs contain mental impressions and conclusions of the inspections and are therefore not discoverable.

The two page Westinghouse escalator maintenance instructions are product recommendations and facts and shall be produced.

4.   Interoffice Memorandum from D. Cooksey to G. Bretz, dated 2/19/85.  This document contains candid self-criticism of WMATA personnel and is therefore not discoverable.

5.   Interoffice Memorandum from G. Bretz to D. Allmmond dated 1/21/86.  This document is a communication between an agent of WMATA and WMATA counsel.  It was prepared in anticipation of litigation and contains a candid self-evaluation of WMATA personnel and remedial suggestions.  It is therefore not discoverable.

6.   Inter-office Memorandum from Roy Dodge to R. O'Ne.. dated 6/1/77.  This document consists primarily of suggestions for remedial improvements to escalators and is not discoverable.

7.   Handwritten Memorandum of Farrell Canup.  WMATA
asserts it has produced a typewritten facsimile to plain-
tiff.  There is therefore no basis for withholding the
handwritten document and it shall be produced.

8.   Minutes of Safety Meeting on 4/10/79.  This document
consists of self-evaluations of the escalators and a dis-
cussion of remedial measures for safety improvements.  It is
not discoverable.

9. and 10.  Inter-office Memoranda from G. Bretz to M.
Mellington and D. Cooksey, dated 2/15/85 and 2/26/85
respectively.  These documents involve candid evaluations of
information disclosed by G. Bretz to counsel for WMATA and
are privileged from discovery.

Accordingly, it is by the Court, this __9__ day of
October, 1986,

ORDERED that defendant WMATA produce for plaintiff and
the Court's review, all discoverable documents as enumerated
above.

George H. Revercomb, Judge

10/9/86
Date

Copies to:

John P. Coale, Esq.
George G. Misko, Esq.
Coale and Associates, P.C.
1019 19th Street, N.W.
Suite 1040
Washington, D.C.  20036

Frederick Abramson, ESq.
Kenneth J. Ingram, Esq.
Judy B. Chase, Esq.
Sachs, Greenbaum and Tayler
1140 Connecticut Avenue, N.W.
Suite 900

Donald Clower, Esq.
David Almond, Esq.
Office of the General Counsel
WMATA - Room 2A13
600 Fifth Street, N.W.
Washington, D.C.  20001

Greta C. Van Susteren, Esq.
511 E. Street, N.W.
Washington, D.C.

Thomas A. Medford, Sr., Esq.
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001

Susan Ellis Wild, Esq.
1140 Connecticut Avenue, N.W.
Suite 900
Washington, D.C.  20036

Randell Hunt Norton, Esq.
John Jude O'Donnell, Esq.
Thompson, Larson, McGrail, O'Donnell and Harding
730 15th Street. N.W.
Washington, D.C.  20005