UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT R. FENICHEL, M.D., *et al.*,  :
:
:
    Plaintiffs,  :
:
  v.  :  Civil Action No. 07-0768 (JR)
:
WASHINGTON METROPOLITAN AREA  :
TRANSIT AUTHORITY, *et al.*,  :
:
    Defendants.  :

### MEMORANDUM ORDER

    Washington Metropolitan Area Transit Authority (WMATA) resists discovery of materials in its possession that relate to the accidental death of Emily Fenichel and moves for a protective order that would prevent plaintiff from discovering or obtaining

> any evidence regarding either 1) the Unemployment Hearing of Bus Operator Michelle Ferguson, or, 2) any disciplinary process related to bus operator Michelle Ferguson, including the evaluations, opinions, and any final analyses regarding the termination of her employment and the accident of June 8, 2006.

Def.'s Mot. for a Protective Order at 1 [Dkt. # 29].

    WMATA contends that it is not required to provide documents and information from Ferguson's unemployment hearing because plaintiff failed to request such information. In Interrogatory No. 12, however, plaintiff sought information regarding the bus operator's termination and discipline. Information and documents from the unemployment hearing are fairly encompassed within that request.

WMATA asserts that public policy, in the form of the self-evaluative privilege, supports its resistance to the production of information relating to Ferguson's disciplinary records.  According to WMATA, requiring the production of "the mental impressions and opinions of the WMATA supervisor who evaluated this accident and made the decision to discipline bus operator Ferguson would chill and deter future evaluations aimed at improving WMATA's safe operation of its buses."  Def.'s Mem. at 7.  The self-evaluative privilege has rarely been recognized. See FTC v. TRW, Inc., 628 F.2d 207, 210 (D.C. Cir. 1980).  In this district, the privilege has been applied to prevent disclosure of documents that also implicate the work product doctrine because they were prepared with an eye toward litigation.  See Whisenton v. WMATA, Civ. Action No. 88-2637, slip op. at 3 (D.D.C. Dec. 22, 1988).  No such argument has been made here.  Regardless of whether the requested documents are themselves admissible, plaintiff's request "appears reasonably calculated to lead to the discovery of admissible evidence" and is therefore permissible.  Fed. R. Civ. P. 26(b)(1).

WMATA's motion for a protective order, [Dkt. # 29], preventing discovery of documents and information regarding the bus operator's unemployment hearing, as well as internal evaluations dealing with her termination and the accident itself, is accordingly **denied**, subject to the joint development of an

order that will reasonably restrict the use and dissemination of such documents.


                                    JAMES ROBERTSON
                              United States District Judge