UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. )<br>Individually, and as Personal )<br>Representative of the )<br>Estate and Next of Kin of )<br>EMILY S. FENICHEL, Deceased, )<br>   )<br>  Plaintiff, )<br>   )<br>v. )<br>   )<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, et al. )<br>   )<br>  Defendants. )<br>_____ ) | Case No. 1:07-cv-00768-JR |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Robert R. Fenichel, M.D., individually, and as Personal Representative of the Estate and Next of Kin of Emily S. Fenichel, Deceased, through his counsel, hereby requests additional time to supplement the record with additional evidence in support of his Motion for Partial Summary Judgment as to the Liability of Washington Metropolitan Area Transportation Authority ("WMATA").  Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. The premise of Plaintiff's Motion for Partial Summary Judgment on Liability is that liability has been previously determined by an Administrative Law Judge after an evidentiary hearing on whether the WMATA bus driver acted negligently, carelessly, and was guilty of gross misconduct in causing Mrs. Fenichel's death.

2. WMATA opposes summary judgment for a variety of reasons, one of which is that it would somehow be unfair for it to be bound by the position it took before another judge, on the same issues.

3. Because WMATA refused to produce any information or documents regarding the evidentiary hearing, Plaintiff was constrained to rely on the ALJ's and the Claims Examiner's Findings of Fact in support of his Motion.

3. The Court has just ordered WMATA to provide Plaintiff with the withheld information. It is expected that this information will contain highly relevant information on the issue currently before the Court.

4. In addition, and also by way of proffer, Plaintiff just obtained an audio copy of the evidentiary hearing before the ALJ.[1] Plaintiff's counsel has listened to portions of the recording, including the sworn testimony Robert Ballard, the WMATA Superintendent who terminated the bus driver. In his sworn testimony before the ALJ, Mr. Ballard testified that WMATA conducted a thorough investigation of the accident, which included obtaining a statement from the bus driver, talking to all the witnesses including the eyewitness police officers and reviewing other documentary evidence. Mr. Ballard testified that, based upon that investigation, WMATA terminated the bus driver because she "had violated several standard operating procedures and therefore I decided to dismiss her based on her **negligence in operating the bus** . . . ." He further testified that her conduct in causing Ms. Fenichel's death "was reckless, careless . . . ." As to Mrs. Fenichel's alleged contributory negligence for entering the crosswalk late, which WMATA argues was not litigated, the audio tape demonstrates otherwise. Indeed, in addressing the claim that Ms. Fenichel stepped late into the

---

[1] Plaintiff has sent the audio file to a transcription agency and will provide the transcription to WMATA as soon as it is received.

2

crosswalk, WMATA's counsel, Kathleen Carey, successfully argued to the ALJ that this was not a contributing factor:

> This was a pedestrian in a crosswalk, with a light. There is no testimony that [Ms. Fenichel] had a red light or that she was supposed to stop for any other reason. [The bus driver] was proceeding and Mrs. Fenichel was proceeding and the pedestrian has the right of way at that intersection. [The bus driver] **clearly failed** to give her the right of way . . .

These are WMATA's words, not Plaintiff's.

5. To the extent that the Court believes such information would be helpful to its decision, Plaintiff has been informed that the transcription should be available in two to three weeks, and Plaintiff should have received the WMATA documents by then.

WHEREFORE, Plaintiff Robert Fenichel, M.D. respectfully requests that, if the Court deems it helpful, he be provided an opportunity to file a brief supplemental filing.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By /s/
Bruce J. Klores (358548)
Scott M. Perry (#459841)
1735 20th Street, N.W.
Washington, DC 20009
P: 202-628-8100
F: 202-628-1240
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, et al.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 1:07-cv-00768-JR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

The Court, having considered Plaintiff's Motion for Leave To Supplement the Record In Further Support of Motion for Partial Summary Judgment As To The Liability Of Defendant WMATA, and any opposition thereto, hereby Orders that the motion is;

　　GRANTED.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

1845/supp.sj