UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **WASHINGTON METROPOLITAN** : <br> **AREA TRANSIT AUTHORITY** : <br> : <br> **Defendant.** : <br> : | Case No.: 1:07-cv-00768-JR |

### DEFENDANT WMATA'S OPPOSITION
### TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
### IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submits its Opposition to Plaintiff's Motion for Leave to Supplement the Record in Further Support of Motion for Partial Summary Judgment. For the following reasons, Plaintiff's arguments are without merit and the instant motion should be denied:

1. The Plaintiff seeks to supplement the record with a transcript of the hearing of the DOES determination of WMATA's bus operator in contravention of D.C. Code § 51-113(f)(2001).[1] Plaintiff then seeks to disseminate the improperly released information into the electronic filing system of this Court, as it has done already with other improperly received information, making this confidential information available to anyone who logs into the PACER system.

---

[1] "Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this subchapter and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner, whether by subpoena or otherwise, revealing the individual's or employing unit's identity. . ." D.C. Code § 51-113(f)(2001)

2.  The strict requirements of § 51-113(f) have teeth to enforce their provisions; there are severe penalties associated with its violation:

> (b) The Director may require from any employing unit any sworn or unsworn reports in connection with its business, covering employment, employees, wages, earnings, unemployment and related matters, as the Director deems necessary to the effective administration of this subchapter. Except as hereinbefore provided in § 51-113(f), information thus obtained may not be divulged. Any person who violates any provision of this section or § 51-113(f) shall be fined not less than $ 20 nor more than $ 200 or imprisoned not longer than 90 days, or both.

D.C. Code § 51-117 (2001)

In spite of the provisions of § 51-113(f), Plaintiff seeks once again to set forth documents and information in contravention of this code. This Court should not allow Plaintiff to use information that is improperly obtained and presented to this Court, and which carries civil fines and imprisonment for its violation.

3.  Nor should Plaintiff be allowed to supplement the record with information that should have no bearing on the determinations of the issues in the instant matter. Unemployment compensation proceedings serve the different purpose of determining whether a former employee is entitled to statutory pay following separation from a job. The administrative law judge makes determinations based on findings of misconduct, not negligence. Nor is contributory negligence relevant, determinative, or actually litigated, in an unemployment compensation context -- a hearing held without expert witnesses and where hearsay is admitted. A quantum difference exists between administrative hearings and the trials conducted in this Court. Those differences render the transcript and all other evidence from those proceedings irrelevant. As succinctly stated in Moores' Federal Practice:

> Issues of fact are not identical if the legal standards governing their resolution are significantly different. Different legal standards may well involve different burdens of proof, which may provide a separate ground for denial of the application of issue preclusion. I types of tribunals, for example, an administrative proceeding that allows more liberal introduction of evidence than the Federal Rules of Evidence.

18-132 Moore's Federal Practice - Civil § 132.02

4. Additionally, WMATA would not have had the opportunity to address the supplemental record in its Opposition and would be prejudiced should the Court grant the Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that Plaintiff's Motion For Leave to Supplement the Record in Further Support of Motion for Partial Summary Judgment be denied.

Respectfully submitted,

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

/s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463

/s/ Janice L. Cole
Janice L. Cole  #440351
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543
Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December a copy of WMATA's Opposition to Plaintiff's Motion For Leave to Supplement Record for Partial Motion for Summary Judgment, were sent via the Court's electronic filing service to:

Bruce J. Klores  
Scott M. Perry  
Bruce J. Klores & Associates  
1735 20th Street, NW  
Washington, DC 20009  

David P. Durbin  
1100 Connecticut Ave, NW  
Suite 600  
Washington, DC 20036  

William J. Cremer  
Bradley M. Burd  
Cremer, Kopon, Shaughnessy & Spina, LLC  
Suite 3300  
180 N. LaSalle Street  
Chicago, IL 60601  

    /s/ Janice L. Cole  
    Janice L. Cole

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:07-cv-00768-JR |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Upon consideration of Plaintiff's Motion for Leave to Supplement Record for Partial Summary Judgment to the Liability of Defendant WMATA, and WMATA's Opposition thereto, it is by the Court this _____ day of _____, 2007:

ORDERED, that the motion is denied.

_____
United States District Judge

Electronic copies to:

Gerard J. Stief and Janice L. Cole, Counsel for Defendant WMATA

Bruce J. Klores and Scott M. Perry, Counsel for Plaintiff

David P. Durbin, Counsel for Defendant Daimler/Chrysler