## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>            Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, et al.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:07-cv-00768-JR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OBJECTIONS TO WMATA'S RULE 26(a)(2) STATEMENT

Plaintiff, by counsel and pursuant to Rule 26(a)(2), hereby objects to Defendant Washington Metropolitan Area Transit Authority's ("WMATA's") Rule 26(a)(2) Statement on the following bases[1]:

1)      David Plant:  Plaintiff objects to the extent that WMATA seeks to use Mr. Plant to testify that Metropolitan Police Detective Michael Miller's investigation of the accident was performed "according to sound scientific bases" as an improper attempt to introduce evidence that does not meet the requirements of Federal Rules of Evidence 702 and 703, and as improper attempt to bolster credibility and establish reliability.

2)      Detective Michael Miller:  Plaintiff objects to Detective Michael Miller testifying for WMATA as a "non-retained expert in accident reconstruction" on the following grounds:  (1) Plaintiff has not been offered an opportunity to depose Detective Miller as an expert; (2) upon information and belief, WMATA failed to inform Detective Miller, prior to his deposition, that it

---

[1]  Plaintiff reserves the right to assert other objections at trial to WMATA's proposed expert testimony.

intended to use him as an expert and, thus, he was not prepared to so testify at deposition as an expert; (3) Detective Miller's opinions were not prepared to meet, and do not satisfy, the requirements of Federal Rules of Evidence 702 and 703; (4) Detective Miller has offered no opinions to a reasonable degree of certainty; rather he has only concluded that certain facts "could have" occurred, which is not sufficient under the Federal Rules of Evidence; (5) Detective Miller is a fact witness and it would be improper and unfairly prejudicial to Plaintiff to allow WMATA to use him as its expert witness, in an effort to bolster his credibility as a fact witness.

Should the Court allow Detective Miller to express opinions as an expert over objection, then Plaintiff reserves the right to elicit expert opinions from Detective Miller consistent with those expressed in his report, attached as Exhibit 6 to WMATA's Rule 26(a)(2) Statement.

(3)     Aysha Farooqi, M.D.:  As background, Dr. Farooqi was an eyewitness to the decedent's pain and suffering who offered aid and comfort to the decedent before her death before emergency medical personnel could disentangle decedent from the bus's undercarriage.  Plaintiff objects to WMATA's attempt to qualify her as an expert witness on the following grounds: (1) WMATA failed to contact Dr. Farooqi prior to filing its Rule 26(a)(2) Statement and Dr. Farooqi has never agreed to act as an expert witness for WMATA; (2) Dr. Farooqi was deposed as a fact witness and has never been offered for deposition to Plaintiff as an expert witness; (3) Dr. Farooqi does not meet the qualifications of Federal Rules of Evidence 702 and 703 to express expert opinions; (4) As a fact witness it would be improper and unfairly prejudicial to Plaintiff to allow WMATA to use Dr. Farooqi as both an expert witness and as a fact witness.

Respectfully submitted,
BRUCE J. KLORES & ASSOCIATES, P.C.

By_____/s/_Scott M. Perry_____
   Bruce J. Klores (358548)
   Scott M. Perry (#459841)
   1735 20th Street, N.W.
   Washington, DC 20009
   P: 202-628-8100
   Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail on this 17th day of June 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA
600 5th Street, NW
Washington, DC 20001

                                           _____/s/_Scott M. Perry_____
                                                Scott M. Perry

1845/obj.26a2