UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>Defendant. | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S MOTION *IN LIMINE* IN SUPPORT OF ADULT CHILDREN AS BENEFICIARIES UNDER THE WRONGFUL DEATH ACT**

Plaintiff, Robert R. Fenichel, M.D., by and through counsel, hereby moves the Court to allow evidence, pursuant to the District of Columbia's Wrongful Death Act, of the losses sustained by Decedent, Emily Fenichel's adult children. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This is a negligence case, with survival and wrongful-death actions brought by Robert Fenichel, M.D., the husband of Emily Fenichel, deceased. Mrs. Fenichel died on June 8, 2006 after a WMATA Metrobus ran her down in a crosswalk.

Emily Fenichel was married to Robert Fenichel for seventeen years. Mrs. Fenichel has two adult sons from a previous marriage, Zachary and David Schrag (the "Schrags"). Dr. Fenichel brings this action individually, and on behalf of, the Estate and Next of Kin of Emily Fenichel.

The Schrags are expected to testify that they received significant services from their mother, Emily Fenichel, until her death. Specifically, the Schrags will testify that Mrs. Fenichel provided her children with care, guidance, and personal advice on a regular basis, in addition to financial support. These losses suffered by the Schrags are significant and compensable.

While it is generally accepted in D.C. courts that wrongful-death beneficiaries include adult children, Defendant WMATA has informed Plaintiff that it will seek to preclude the admission of evidence related to the wrongful-death claims of Mrs. Fenichel's adult sons, believing that the law precludes such claims for the Schrags because they are over the age of eighteen. This position is incorrect, and to Plaintiff's knowledge has been rejected by all D.C. judges who have addressed the issue.

Simply put, there is no requirement that children of deceased family members be minors in order to qualify as next-of-kin beneficiaries under the Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    THE ACT MANDATES RECOVERY FOR THE NEXT OF KIN AND MAKES NO DISTINCTION BETWEEN MINOR AND ADULT CHILDREN**

In a wrongful-death action, a claim for lost services brought by a family member of a decedent is not limited to those services that would have been provided during the age of minority. The Act, codified at D.C. Code §16-2701, contains no such prohibition. As such, the beneficiaries who are entitled to compensation for the loss of Mrs. Fenichel's household and familial services include Mrs. Fenichel's two adult children.

The District of Columbia Wrongful Death Act provides, in pertinent part, as follows:

> The damages shall be assessed with reference to the injury resulting from the act, neglect, or default causing the death, to the spouse and *the next of kin* of the deceased person; and shall include the reasonable expenses of last illness and burial. Where there is a surviving spouse, the jury *shall allocate* the portion of its verdict payable to the spouse *and next of kin, respectively, according to the finding of damage* to the spouse and *next of kin*.

D.C. Code § 16-2701 (emphasis added). Nothing in this statute limits the recovery of damages to minor next of kin. And there is no appellate case interpreting the Act that makes such a distinction.[1]

This is borne out by our courts' interpretation of the intent of the Act, which is to compensate *close relatives*. "[The] Wrongful Death Act is designed to provide a remedy whereby *close relatives* of the deceased who might have expected maintenance or assistance from the deceased, had [s]he lived, may recover compensation from the wrongdoer commensurate with the loss sustained." *District of Columbia v. Hawkins*, 782 A.2d 293 (D.C. 2002) (emphasis added) (*citing Semler v. Psychiatric Inst. of Washington, D.C.*, 575 F.2d 922, 924-25 (D.C. Cir. 1978)).

In discussing "close relatives," our courts have not found a distinction between minor and adult children. Rather, they point out that an element of damages that the decedent's next of kin is entitled to receive includes the value of services lost to the *family* of a decedent. *See Doe v. Binker*, 492 A.2d 857, 860 (D.C. 1985); *Runyon v. District of Columbia*, 463 F.2d 1319, 1322 (1972). "Recoverable damages under District of Colombia's Wrongful Death include: (1) pecuniary losses resulting from the loss of financial support the decedent could have been

---

[1] Indeed, if WMATA's unsupported view was correct, then a 19 year-old mentally disabled adult who is fully dependent on their parent for support would be entitled to nothing under the Act simply because he/she reached 18 years old prior to his/her parent's death.

expected to provide the next of kin had [s]he lived; and (2) *the value of lost services, such as care, education, training, and personal advice*." *Herbert v. District of Columbia*, 808 A.2d 776 (D.C. 2002) (emphasis added). There are no restrictions placed on the award of damages for lost family services other than that the jury must decide the issue on evidence that tends to prove that the claimed services would have been supplied but for the wrongful act. *See Doe*, 292 A.2d at 860-63.

## II.  DISTRICT OF COLUMBIA JUDGES HAVE RULED THAT ADULT CHILDREN ARE BENEFICIARIES UNDER THE ACT

Plaintiff is aware of no District of Columbia judge, at the Federal or Superior Court level, who has prohibited recovery under the Act for adult children.[2] To the contrary, at least three judges have ruled that adult children may recover under the Act.

At the federal level, Judge Urbina ruled in November 2007 that an adult child had a right to intervene in a D.C. wrongful-death action to preserve her claims and interests. *See Schoenborn v. WMATA,* 2007 U.S. Dist. LEXIS 86225 (Nov. 26, 2007).[3]

At the Superior Court level, as recently as May 2008, Judge Zeldon rejected the same argument that WMATA makes here, ruling in a District of Columbia medical malpractice wrongful-death case that adult children may recover under the Act. *See Hurwitz v. Washington Hosp. Ctr.,* Case No. 04-8388-M (bench ruling).

---

[2]  WMATA has informed us that it intends to rely on a 113 year-old case, which predates our Wrongful Death Act by almost 100 years, to support its argument. Needless to say, Plaintiff believes that Judges Urbina, Zeldon and Milliken, who interpreted our current Act, is the appropriate precedent.

[3]  This case involved another WMATA fatal bus crash in 2006, which WMATA recently settled. The issue in that case was a dispute between family members as to who could represent the adult child's interests. If the adult child had no claim under the Act, then she would have had no basis on which to intervene.

In addition, Plaintiff's counsel faced the same argument before Judge Milliken in 1995, who likewise rejected the defendants' argument in *Terry v. George, M.D.*, Case. No.: CA 94-12025 (Order attached as Exhibit 1).

Trial court precedent accepts that adult children may recover as beneficiaries under the Act if supported by the evidence.

### III. THE APPLICABLE D.C. JURY INSTRUCTION DOES NOT LIMIT RECOVERY TO MINOR CHILDREN

Part of the confusion on this issue stems from an old, and frankly, incorrect 1998 D.C. Pattern Jury Instruction. In 1998 DCJI-14.05 read:

> You must also consider, in making your award, the loss of care, education, training, guidance and parental advice that [the deceased parent] would have been expected to give [the minor beneficiaries] of the deceased parent while he/she/they *was/were still under eighteen years of age.*

Plaintiff's counsel successfully argued over the years that the 1998 instruction was improper to the extent that it foreclosed the right of children over the age of eighteen to qualify as wrongful-death beneficiaries when they lose their parent because it had no foundation in the Act from which it is derived.

The 2004 Revised Jury Instruction 14.05 ended the confusion by ***deleting*** the requirement of minority as a qualifier for recovery when a parent is lost. The current instruction reads as follows:

> In making your award you must also consider the loss of care, education, training, guidance and parental advice that [the deceased parent] would have been expected to give [the decedent's next of kin beneficiaries].

The issue of damages in wrongful-death cases is particularly within the province of the jury. *See Doe*, 292 A.2d at 860. If the evidence supports an award of damages to the adult children, then the Act requires the jury to make an award.

## CONCLUSION

No statute or court has limited the award of damages under our Wrongful Death Act to minor claimants. Accordingly, the Plaintiff, as representative of the decedent's next of kin, is entitled to present evidence to the jury on behalf of himself, and his wife's adult sons, supporting their claims of lost family services resulting from Mrs. Fenichel's death.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By      /s/ Scott M. Perry
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 30th day of July 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA 600 5th Street, NW
Washington, DC 20001

       /s/ Scott M. Perry
Scott M. Perry

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. )<br>Individually, and as Personal )<br>Representative of the )<br>Estate and Next of Kin of )<br>EMILY S. FENICHEL, Deceased, )<br>           )<br>     Plaintiff, )<br>           )<br>v.         )<br>           )<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, et al. )<br>           )<br>     Defendants. )<br>_____) | Case No. **1:07-CV-00768-JR** |

## **ORDER**

The Court, having considered Plaintiff's Motion *In Limine* In Support of Adult Children as Beneficiaries Under the Wrongful Death Act, and any opposition thereto, hereby Orders that the motion is;

GRANTED.

_____
United States District Judge

1845/MIL.adult

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, et al.<br><br>    Defendants. | Case No. **1:07-CV-00768-JR** |

## **ORDER**

The Court, having considered Plaintiff's Motion *In Limine* In Support of Adult Children as Beneficiaries Under the Wrongful Death Act, and any opposition thereto, hereby Orders that the motion is;

    GRANTED.

_____
United States District Judge

1845/MIL.adult

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

TINA TERRY, Personal )
Representative of the Estate )
and Next of Kin of )
CATHERINE B. TERRY, Deceased, )
) Case No. CA. 94-12025
Plaintiff, ) Cal. No. 10/5. Milliken
) (Next Event: Pretrial
v. ) Conference - 7/23/96)
)
THEODORE GEORGE, JR., M.D. )
)
Defendant. )

ORDER

Upon Consideration of Defendant's Motion in Limine to Exclude Evidence of Lost Family Services and Plaintiff's Opposition thereto, it is this 6 day of August, 1996,

ORDERED, the Motion in Limine is hereby DENIED, albeit under old Maryland law. The ruling is w/o prejudice to Rule 50(a) motion as there are close questions on the expectancy. In any event, I commend a special interrogatory discretely addressing this element of damages for simplest handling on the 5th floor.

Judge Stephen Milliken

Copies to:

Bruce J. Klores, Esquire
915 15th Street, N.W.
Third Floor
Washington, D.C. 20005

Michael Hannon, Esquire
John Jude O'Donnell, Esquire
805 15th Street, N.W.
Suite 705
Washington, D.C. 20005-2216.

DOCKETED AUG 1 4 1996

MAILED AUG 1 4 1996

RECEIVED AUG 1996

MAY 1 2 1997