UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. )<br>Individually, and as Personal )<br>Representative of the )<br>Estate and Next of Kin of )<br>EMILY S. FENICHEL, Deceased, )<br>   )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>   )<br>   Defendant. )<br>_____) | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S MOTION *IN LIMINE* IN SUPPORT OF GRANDCHILDREN AS BENEFICIARIES UNDER THE WRONGFUL DEATH ACT**

Plaintiff, Robert R. Fenichel, M.D., by and through counsel, hereby moves the Court to allow evidence, pursuant to the District of Columbia's Wrongful Death Act, of the losses sustained by Decedent, Emily Fenichel's grandchildren. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This is a negligence case with survival and wrongful-death actions brought by Robert Fenichel, M.D., the husband of Emily Fenichel, deceased, both individually and as personal representative of the Estate and Next of Kin of Emily Fenichel. Mrs. Fenichel died on June 8, 2006, when a WMATA Metrobus ran her down in a crosswalk.

Emily Fenichel's children are David Schrag and Zachary Schrag. Zachary Schrag and his wife, Rebecca Tushnet, are college professors residing in Arlington, Virginia. They have two minor children, Leonard and Nora Schrag. Mrs. Fenichel, a world-known child advocate,

devoted substantial time caring for Leonard, providing various forms of parental advice, education, guidance and training, and babysitting services. Testimony will show that Emily Fenichel would, more likely than not, have provided similar services and care to her other grandchild, Nora Emily (who was born after Emily's death), had she not died in 2006.

Defendant WMATA has informed Plaintiff that it will seek to preclude all or portions of the grandchildren's claim under the Wrongful Death Act, arguing that the Act does not encompass recovery by the grandchildren. This position is incorrect. The intent of the Act is to compensate "close relatives" who reasonably expect benefits from a deceased relative and who depend on such benefits. Thus, the jury is entitled to hear evidence that Emily Fenichel's two grandchildren have suffered compensable damages as a result of her death, and to return a verdict compensating them for such harm.

## MEMORANDUM OF POINTS AND AUTHORITIES

Our Wrongful Death Act provides that "the jury shall allocate the portion of its verdict payable to the spouse or domestic partner *and next of kin*, respectively." D.C. Code § 16-2701(b) (emphasis added). Next of kin is not defined by the Act.[1] Case law, however, reveals that the Act's intent is served by allowing dependent grandchildren to recover. The Act is intended to "provide a remedy whereby *close relatives of the deceased* who might have expected maintenance or assistance from the deceased had [s]he lived, may recover compensation from the wrongdoer commensurate with the loss sustained." *District of Columbia v. Hawkins*, 782 A.2d 293, 303 (D.C. 2001) (emphasis added) (*quoting Semler v. Psychiatric Inst. of Washington, D.C.*, 575 F.2d 922, 924-25 (D.C. Cir. 1978)). The only familial status limitation placed on beneficiaries is that they be "close relatives." *Hawkins*, 782 A.2d at 303; *see also Herbert v. District of Columbia*, 808 A.2d 776, 778 n.2 (D.C. 2002). As

---

[1] The District's intestacy statutes do not use the term "next of kin." Thus, they do not shed light on this issue.

to how to define a beneficiary, the Act enumerates two requirements: (1) that the beneficiary be a close relative, and (2) that the close relative expects maintenance or assistance from the deceased. *See generally id*. at 778 n.2. Additional interpretation suggests a possible third requirement that the beneficiary be dependant on the maintenance or assistance for which he is compensated. *See Runyon v. District of Columbia*, 463 F.2d 1319, 1322 (D.C. Cir. 1972).[2] Consistent with the Act's intent, we are not aware of any District of Columbia case prohibiting grandchildren as beneficiaries under the Act.

Under the Wrongful Death Act, damages available to beneficiaries include pecuniary losses resulting from loss of financial support as well as the value of lost services such as care, education, guidance, training, and personal advice. *See Doe v. Binker*, 492 A.2d 857, 863 (D.C. 1985). If the Court were to accept WMATA's view of the Act, only Mrs. Fenichel's children and spouse would be entitled to recover damages for lost financial support and lost services. This would arbitrarily exclude her two grandchildren, who the evidence will demonstrate, would have relied on her for care, education, guidance, training, and personal advice, and for financial support.

It is of utmost importance to protect the interests of children, and such interests include proper care, education, guidance, training and personal advice from caretakers. In today's society, more grandparents share in the raising of children than ever before because parents are often absent or unable to provide such full-time care. Whether a parent is ill, deceased, absent or employed for many hours each day, the role of a grandparent is evolving to close this gap in child raising. Children depend on services provided by grandparents and expect these services to be available. When a grandparent is wrongfully deceased, grandchildren must be entitled to

---

[2] In a footnote in *Runyon*, the D.C. Circuit noted that the defendants did not object to the trial court's determination that the next of kin included the "dependent next of kin." *See id*. at 1322 n.3. This supports Plaintiff's argument that next of kin can include grandchildren who are dependent.

fair compensation for losses they sustain, and cases recognizing that the Act is intended to compensate "close relatives" are consistent with this notion.

## CONCLUSION

Wherefore, for the above-stated reasons, Plaintiff respectfully requests that the Court confirm that, if the evidence supports it, the jury be allowed to award damages to Decedent's two dependent grandchildren.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By___/s/_Scott M. Perry_____
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 30th day of July 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA 600 5th Street, NW
Washington, DC 20001

_____/s/_ Scott M. Perry_____
Scott M. Perry

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. **1:07-CV-00768-JR** |
| v. | ) ) | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al. | ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

The Court, having considered Plaintiff's Motion *In Limine* In Support of Grandchildren as Beneficiaries Under the Wrongful Death Act, and any opposition thereto, hereby Orders that the motion is;

GRANTED.

_____
United States District Judge

1845/MIL.gkids