UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased<br><br>      Plaintiff,<br><br>      v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>      Defendant. | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE
BY WMATA TO ITS ROLE IN SERVING THE
PUBLIC GOOD OR REGARDING FUNDING**

Plaintiff Robert R. Fenichel, M.D., by and through counsel, hereby moves this Court for an Order precluding WMATA from referencing, or alluding to, its role to serve the public good and/or its funding. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This is a negligence case, with survival and wrongful-death actions brought by Robert Fenichel, M.D., the husband of Emily Fenichel, deceased. Mrs. Fenichel died on June 8, 2006 after a WMATA Metrobus ran her down in a crosswalk.

Plaintiff seeks to prohibit WMATA from making improper references to its role to serve the public good, or alluding to funding issues, in an effort to create an improper impression among the jury that a significant award would affect either WMATA's viability or cause fares to increase.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under Federal Rule of Evidence 401, any reference implying that WMATA's ability to serve the public good would be affected by a significant verdict would be improper. Likewise, any reference to WMATA's funding issues would be improper. Under FRE 402, these issues make no fact of consequence to the determination of this action more or less probable than it would be without this evidence. Under FRE 403, even if WMATA were to argue that it has some relevance (which Plaintiff disputes), this evidence should be excluded because its probative value is minimal and is substantially outweighed by the danger of unfair prejudice.

There will, no doubt, be members of the jury who rely upon WMATA for transport. It is no secret that WMATA's perpetual funding problems are often written about and discussed in the local media. In fact, even suggestions of fare increases cause significant consternation and debate. It would thus be highly improper for WMATA to suggest or imply, either directly or indirectly, that a significant verdict would impact either fares or WMATA's ability to serve the general public. Just as a defendant may complain that a plaintiff may not unfairly inflame a jury's passions, so too must a defendant refrain, in attempt to lower a verdict, from appealing to the jury's desire to have reliable and affordable public transportation.

The damages that the jury determines to award should be solely based on the evidence received, and should not be tainted by the specter of lack of viability or fare increases.[1]

---

[1] Plaintiff will likewise seek *voir dire* on this issue as it is analogous to jurors who are tort-reform advocates.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court prohibit WMATA from referencing, or alluding to, its role to serve the public good and or its funding issues.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By    /s/ Scott M. Perry__
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 30th day of July 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA 600 5th Street, NW
Washington, DC 20001

     /s/ Scott M. Perry_____
Scott M. Perry

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. Individually, and as Personal Representative of the Estate and Next of Kin of EMILY S. FENICHEL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al.<br><br>Defendants. | Case No. **1:07-CV-00768-JR** |

## ORDER

The Court, having considered Plaintiff's Motion *In Limine* to Preclude Reference by WMATA to its Role in Serving the Public Good or Regarding Funding, and any opposition thereto, hereby Orders that the motion is;

GRANTED.

_____
United States District Judge

1845/MIL.public