IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.**<br>Individually, and as a Personal<br>Representative of the<br>Estate and Next of Kin of<br>**EMILY S. FENICHEL, Deceased**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**WASHINGTON METROPOLITAN<br>　AREA TRANSIT AUTHORITY**<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No.: 1:07-cv-00768-JR<br>:<br>:<br>:<br>:<br>:<br>: |

### WMATA'S OPPOSITION AND CROSS MOTION REGARDING PLAINTIFF'S MOTION IN LIMINE IN SUPPORT OF ADULT CHILDREN AS BENEFICIARIES OF NON-PECUNIARY DAMAGES

#### INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby: 1) opposes Plaintiff's motion *in limine* in support of allowing Decedent Emily Fenichel's two adult sons to seek non-pecuniary damages in this matter (Document No. 44) and 2) files this cross motion requesting an order limiting evidence, argument, or comment on the damage issue of decedent's care, education, training, guidance and parental advice to decedent's two adult sons. Plaintiff's motion incorrectly stated that WMATA opposes any child over the age of eighteen obtaining damages under the Wrongful Death Act. WMATA opposes any attempt by Decedent's

two adult sons[1] to seek <u>non-pecuniary</u> damages resulting from the loss of their mother's care, guidance and personal advice. Asking this Court to allow such a recovery is a loosely-veiled attempt to circumvent the Wrongful Death Act's prohibition against compensating the adult children for grief, anguish, loss of society, and loss of consortium. However, adult children who can show pecuniary damages, <u>i.e.</u>, an adult child who can show that the decedent parent provided room and board or babysitting services, may recover for those pecuniary damages under District of Columbia law.

<u>Background</u>

This accident occurred on June 8, 2006. Decedent Emily Fenichel died as a result of injuries that occurred in an accident involving a WMATA bus. She was survived by her husband, Robert Fenichel, and two adult sons, Zachary and David Schrag. Zachary Schrag is a college professor, married and not living with his mother at the time of her death. David Schrag is married and has been living in Massachusetts since college, in the mid-1980s.

At the deposition of Dr. Fenichel the following exchange took place between the parties' counsel:

<div style="padding-left: 2em;">

Mr. Perry:   Let me add. The answer is yes, the sons are seeking non-economic damages. And we have discussed this, that under D.C. law, wrongful death law, they are entitled to receive that. Whether you classify it as non-economic or economic is a different question. But the care, guidance and support that they would have received from their mother as adult children is compensable. So, yes, they are seeking that. The same answer would apply for Dr. Fenichel.
Ms. Cole:    Care, guidance, and support?
Mr. Perry:   Well, the phrasing might not be perfect. But yes.
Ms. Cole:    Are you talking also society?

</div>

---

[1] WMATA also opposes Decedent's husband claiming non-economic damages for the loss of society and companionship of his wife and will address that by separate motion.

Mr. Perry:    That is among them.  That is among them.

Deposition of Robert R. Fenichel, M.D., November 20, 2007, p. 75, lines 6 - 21.

Legal Standard

Under the District of Columbia Wrongful Death Act, D.C. Code Ann § 16-2701, pecuniary damages "may be recovered from the death provided that the personal representative of deceased's estate prevails in their behalf in the wrongful death action established by statute." Runyon v. District of Columbia, 463 F.2d 1319 (D.C. Cir. 1972).   In the District of Columbia, plaintiff can recover for the lost share of expected future earnings from the decedent and the **pecuniary value** of lost services expected to be performed by decedent.   Plaintiff seeks to allow the jury in this case to consider the value of care, education, training and advice for Decedent's two adult sons.

The District of Columbia's sole case to address this particular issue, Baltimore & P. R. Co. v. Golway, 6 App. D.C. 143 (D.C. Cir. 1895), is of long-standing precedent and its holding remains unchallenged by any subsequent decisions in this jurisdiction.  In Golway, adult children over the age of twenty-one claimed the loss of "advice and counsel" upon the death of their father.  The court held:

> The instruction under consideration in this case included not only the assessment of the value of "paternal advice and guidance"--which may probably be considered the equivalent of education and training--to the son who was not twenty-one years of age, but also that of "advice and counsel" to the three grown sons, the oldest of whom was thirty-four. We think this carried the doctrine entirely too far.
>
> It is quite generally conceded that the damages to be assessed under statutes of this kind must be of a pecuniary nature. Now, we can readily conceive how, under many circumstances, the advice and counsel of a good and sensible father might be of inestimable moral value to a son of mature years even; but we cannot see how an assessment of pecuniary damages can reasonably be founded thereon. It is too remote,

vague and uncertain to be considered in the estimation of pecuniary injury and compensatory damages therefor.

Baltimore & P. R. Co. v. Golway, 6 App. D.C. at 177.

Plaintiff seeks in the instant matter damages on behalf of the adult children the loss of Decedent's "care, guidance and personal advice." A minor child obviously can claim such damages, as dependent children have a right to expect support by their parents. See Pleasant v. Washington Sand & Gravel Co., 104 U.S. App. D.C. 374, 262 F.2d 471 (D.C. Cir. 1958) (common law recognized the right of a child to support and maintenance from his parents by virtue of the family relationship). The advice and counsel of a deceased parent to an adult child is of value, but not of the type cognizable under the D.C. Wrongful Death Act, as it is too remote and uncertain as a basis upon which pecuniary damages only may be assessed.

Although Golway is, as Plaintiff points out, 113 years old, it has never been overturned. Plaintiff would like nothing more than Golway to be brushed aside and ignored as precedent because according to Plaintiff, it predates "our Wrongful Death Act by almost 100 years." See Plaintiff Motion, Fn. 2. Plaintiff is wrong. Golway does not pre-date the District of Columbia's Wrongful Death Act. "The District of Columbia's death by wrongful act statute, patterned after Lord Campbell's Act, was enacted in 1885." Ciarrocchi v. James Kane Co., 116 F. Supp. 848, 850 (D.D.C. 1953) The Golway case was decided in 1895, 10 years after the D.C. Wrongful Death statute was enacted, and in fact, the Act is cited at "25 Statutes at Large" in the body of the decision. Golway specifically refers to and relies upon the Act for its holding. Nothing in any subsequent amendment to the Act affects the validity of Golway.

Most states have enacted statutes based on the common law Lord Campbell's Act, and

the early cases interpreting those cases lay the foundation for the law upon which we rely today. For example, Golway cites to an Indiana case, which explained the necessity of a pecuniary loss under the Act:

> . . . only pecuniary loss can be considered in estimating damages. The rule which these cases enforce is supported by the very decided weight of authority. It has been almost universally held that the principle under which damages are to be assessed under these statutes is that of pecuniary injury, and not as a solatium. No compensation can be given for wounded feelings, or the loss of comfort and companionship of a relative. Board of Comm'rs v. Legg, 93 Ind. 523, 531 (Ind. 1884) (quoting 2 Thompson Neg 1289).

This same holding is well established and has been supported under the District of Columbia law since the enactment of the Wrongful Death Act. Damages for wrongful death are limited to the pecuniary loss sustained by the dependents of the deceased: in cases of wrongful death there can be no recovery for mental anguish or for any other item except such items as constitute a pecuniary or financial loss. United States Electric Lighting Co. v. Sullivan, 22 App. D.C. 115 (1903). Moreover, "the D.C. Court of Appeals continues to emphasize that the 'wrongful death statue[] must be strictly construed' because it stands as a "derogation[] from the common law." Joy v. Bell Helicopter Textron, 303 U.S. App. D.C. 1 (D.C. Cir. 1993), quoting Waldon v. Covington, 415 A.2d 1070, 1075 n.17 (D.C. 1980).

Plaintiff has cited in his motion to District of Columbia v. Hawkins, 782 A.2d 293 (D.C. 2002), which does not contradict WMATA's position. In that case, the Court of Appeals allowed a minor child to recover for loss of maternal services. Plaintiff also cites to Herbert v. District of Columbia, 808 A.2d 776 (D.C. 2002), where the mother of the decedent did not request economic damages of lost services or support under D.C. Wrongful Death Act. In Schoenborn v.

WMATA, 207 U.S. Dist. LEXIS 86225, 247 F.R.D. 5 (D.D.C. 2007), Judge Urbina recognized the right of an adult child to claim damages under the Wrongful Death Act that were only pecuniary in nature – he specifically did not include the right of an adult child to obtain damages in the form of loss of services from the decedent mother:

> " . . . the proper recovery is the amount of financial loss suffered by the spouse and next of kin as a result of the decedent's death . . . [and not] for mental suffering, grief, or anguish". Thus, Pifer and the plaintiff are seeking to recover from a fixed sum of money, and a potential conflict exists with regard to distributing this prospective award. Schoenborn v. Wash. Metro. Area Transit Auth., 247 F.R.D. at 9.

It is noteworthy that the 1995 opinion of Judge Milliken, whose order Plaintiff attached to his motion, referenced somewhat confusingly: 1) a denial under "old Maryland law", and 2) the need for a special interrogatory to address the issue of damages for the adult child, for "simplest handling at the 6th floor" – i.e., on appeal. None of these cases referenced by Plaintiff support Plaintiff's position in the instant matter – that the adult children are entitled to non-pecuniary damages.

WMATA recognizes that where the evidence supports that an adult child has been receiving direct financial support from a deceased parent, then the adult child could claim that support as damages. For example, a 25 year old child might be supported by a parent while in graduate school, or a recent college graduate moved back home with a parent while starting a career. Under the Wrongful Death Act, those adult children could recover the pecuniary damages associated with the support provided the deceased parent: loss of room and board or payment of graduate tuition fees. WMATA does not assert that under the Act, that a "19 year old mentally disabled adult," who is fully upon his parent for support, would be entitled to nothing

6

under the Act simply because of his age.[2]  If the evidence shows the deceased parent financially supported the adult child in a way that pecuniary damages can be calculated with sufficient certainty upon an adequate factual predicate, those damages would be cognizable under the Act. As Plaintiff notes, there is no provision in jury instruction 14.05 that requires the "next of kin" be under 18 years old.[3]

Plaintiff has named an economic expert, Richard Lurito, who evaluated the lost household services, such a cooking, cleaning, shopping and other tangible services, lost by Dr. Fenichel and other next of kin, including the adult children of Decedent.  Dr. Lurito opined that only her adult son, Zachary Schrag, sustained a pecuniary, or economic, loss as his mother had provided babysitting services for her newborn grandson.  This sort of pecuniary loss is recognized in the District of Columbia and WMATA has no objection to that evidence being presented, provided that it has an appropriate factual predicate and it is specifically limited to the present value of actual babysitting services.

What Plaintiff seeks, by attempting to present damages in the form of the loss of "care, guidance and personal advice" to Decedent's adult children, is nothing less than an attempt to circumvent the prohibition against non-pecuniary, non-economic damages such as grief, loss of society, loss of companionship, loss of consortium, mental anguish, and sentimental loss, all of which are not recoverable under the D.C. Wrongful Death statute.  See Joy v. Bell Helicopter Textron Inc., 999 F.2d 549, 567 (D.C. Cir.1993); Elliott v. Michael James, Inc., 559 F.2d 759

---

[2] See Plaintiff's Motion, Fn. 1.

[3] Jury instructions, however, do not overrule decisions from the highest court of the District of Columbia, such as the Golway Court.

(D.C. Cir. 1977); Ciarrocchi v. James Kane Co., 116 F. Supp. 848 (D.D.C. 1953).

In Elliott, the D.C. Circuit noted that,

> Perhaps none of our cases had delineated the problem [of valuation] more accurately than did Judge Holtzoff in Hord v. National Homeopathic Hospital, 102 F. Supp.792. 794 (D.D.C. 1952) [affirmed, 204 F.2d 397 (D.C. Cir. 1953)]. There he noted that no compensation is permitted for grief, mental anguish or sentimental loss. The purpose of the restriction, he explained, was to confine the amount of damages within reasonable bounds as to prevent improvident and extravagant awards.
> Id. at 766.

The D.C. Circuit also noted in Eliott that damages in a Wrongful Death claim should not be speculative and difficult to calculate. Id.  The prohibition against any recovery for grief, mental anguish, or sentimental loss prevents jury speculation and assists the jury in reaching a non-emotional verdict.  Moreover, the D.C. Wrongful Death Act does not provide for compensation for non-economic losses, such as hedonic value ("life's enjoyment").  District of Columbia v. McNeil, 613 A.2d 940, 943 (D.C. 1992).

In this case, evidence, argument or comment referring to non-pecuniary, sentimental losses before the jury would be improper and have the potential to confuse and mislead the jury to consider grief and loss of maternal affection, to speculate and award non-pecuniary, sentimental damages.  WMATA, on its cross-motion, seeks an order barring Decedent's adult children to prevent evidence regarding any claim for of "loss of care, education, training, guidance, and parental advice" and to limit testimony to specific services that the Decedent provided to the child, upon which the jury could reasonably place a pecuniary value on each service, and thereby calculate an economic, rather than a sentimental, emotional loss.  Because the Plaintiff's economist would be required to calculate those damages and reduce them to present value, the only such damages that have been addressed by Plaintiff's economist (Lurito)

8

have been the lost babysitting services for Zachary Schrag.  Therefore, WMATA moves that the testimony and evidence be limited to the lost babysitting services in the economist's report submitted under Plaintiff's 26(a)(2) Statement.

Plaintiff and Decedent's adult children should also be ordered not to refer directly, or indirectly, to grief, society, companionship, consortium, mental anguish, sentimental loss, sorrow, love, care, affection and any other term or reference in order to elicit an emotional response.  WMATA is entitled to the exclusion of testimony and evidence that might "back door" or imply sentimental or emotional loss.  Allowing such improper evidence or argument would defeat what Judge Holtzoff and subsequent courts have strived to avoid:  "extravagant verdicts for grief and injury to feelings."  Hord, at 794.

Respectfully submitted,
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

 /s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463

/s/ Janice L. Cole
Janice L. Cole #440351
Associate General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543
jlcole@wmata.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August, 2008, a copy of the foregoing Defendant Washington Metropolitan Area Transit Authority's (WMATA's) Opposition to and

Cross Motion regarding Plaintiff's Motion in Limine in Support of Adult Children as Beneficiaries of Non-Pecuniary Damages and Order was sent, via the court's electronic filing system to:

 Bruce J. Klores #358548
 Scott M. Perry #459841
 Bruce J. Klores & Associates
1735 20th Street, NW
Washington, DC 20009
202-628-8100
Attorneys for Plaintiffs

 

/s/ Janice L. Cole
Janice L. Cole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROBERT R. FENICHEL, M.D.** Individually, and as a Personal Representative of the Estate and Next of Kin of **EMILY S. FENICHEL, Deceased**   :   Plaintiff,   :   v.   :   **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**   :   Defendant.   : | Case No.: 1:07-cv-00768-JR |

**ORDER**

Upon Consideration of Plaintiff's Motion in Limine in Support of Adult Children as Beneficiaries Under the Wrongful Death Act, WMATA's Opposition, Cross-Motion, any Opposition thereto and Reply, it is this _____ Day of _____ 2008, hereby ORDERED,

That WMATA's Cross-Motion *in limine* is GRANTED and Plaintiff's Motion is DENIED, and that the two adult children of Decedent in this matter are limited in damages to the pecuniary losses they can show they sustained and they shall not be allowed to present evidence of damages of the form of loss of guidance, care, training and advice.

FURTHER, it is ORDERED that the adult children shall refrain from mentioning grief, mental anguish, society, sorrow, companionship, love or affection in the trial of this matter.

_____
JUDGE ROBERTSON