IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as a Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased<br><br>    Plaintiff,<br><br>  v.<br><br>WASHINGTON METROPOLITAN<br> AREA TRANSIT AUTHORITY<br><br>    Defendant. | Case No.: 1:07-cv-00768-JR |

**WMATA'S MOTION IN LIMINE TO EXCLUDE AND BAR ANY TESTIMONY OR OTHER EVIDENCE BY ADULT CHILDREN REGARDING SOLATIUM DAMAGES (GRIEF, SORROW, LOSS OF AFFECTION, MENTAL ANGUISH)**

INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby files this motion *in limine* requesting an order limiting evidence, argument, or comment regarding any solatium-type damages to Decedent's two adult sons.

Background

This accident occurred on June 8, 2006.  Decedent Emily Fenichel died as a result of injuries that occurred in an accident involving a WMATA bus.  She was survived by her husband, Robert Fenichel, and two adult sons, Zachary and David  Schrag. Zachary Schrag is a college professor, married and not living with his mother at the time of her death. David Schrag

is married and has been living in Massachusetts since college, in the mid-1980s.

At the deposition of Dr. Fenichel the following exchange took place between the parties' counsel:

| | |
|---|---|
| Mr. Perry: | Let me add.  The answer is yes, the sons are seeking non-economic damages.  And we have discussed this, that under D.C. law, wrongful death law, they are entitled to receive that.  Whether you classify it as non-economic or economic is a different question.   But the care, guidance and support that they would have received from their mother as adult children is compensable.  So, yes, they are seeking that.  The same answer would apply for Dr. Fenichel. |
| Ms. Cole: | Care, guidance, and support? |
| Mr. Perry: | Well, the phrasing might not be perfect. But yes. |
| Ms. Cole: | Are you talking also society? |
| Mr. Perry: | That is among them.  That is among them. |

Deposition of Robert R. Fenichel, M.D., November 20, 2007, p. 75, lines 6 - 21.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under the District of Columbia Wrongful Death Act, D.C. Code Ann § 16-2701, pecuniary damages "may be recovered from the death provided that the personal representative of deceased's estate prevails in their behalf in the wrongful death action established by statute." Runyon v. District of Columbia, 463 F.2d 1319 (D.C. Cir. 1972).   In the District of Columbia, plaintiff can recover for the lost share of expected future earnings from the decedent and the **pecuniary value** of lost services expected to be performed by decedent.   Plaintiff seeks to allow the jury in this case to consider the value of care, education, training and advice for Decedent's two adult sons.  WMATA has opposed that motion and anticipates, that no matter which way this Court rules on that motion, Decedent's adult sons will seek to introduce evidence the sounds in solatium damages, which are impermissible in the District of Columbia. Elliott v. Michael James, Inc., 559 F.2d 759 (D.C. Cir. 1977).

In <u>Elliott</u>, the D.C. Circuit noted that,

> Perhaps none of our cases had delineated the problem [of valuation] more accurately than did Judge Holtzoff in <u>Hord v. National Homeopathic Hospital</u>, 102 F. Supp.792. 794 (D.D.C. 1952) [affirmed, 204 F.2d 397 (D.C. Cir. 1953)]. There he noted that no compensation is permitted for grief, mental anguish or sentimental loss. The purpose of the restriction, he explained, was to confine the amount of damages within reasonable bounds as to prevent improvident and extravagant awards.
> <u>Id</u>. at 766.

The D.C. Circuit also noted in <u>Eliott</u> that damages in a Wrongful Death claim should not be speculative and difficult to calculate. <u>Id.</u>  The prohibition against any recovery for grief, mental anguish, or sentimental loss prevents jury speculation and assists the jury in reaching a non-emotional verdict.  Moreover, the D.C. Wrongful Death Act does not provide for compensation for non-economic losses, such as hedonic value ("life's enjoyment").  <u>District of Columbia v. McNeil</u>, 613 A.2d 940, 943 (D.C. 1992).

Thus, damages for wrongful death are limited to the pecuniary loss sustained by the dependents of the deceased: in cases of wrongful death there can be no recovery for mental anguish or for any other item except such items as constitute a pecuniary or financial loss. <u>United States Electric Lighting Co. v. Sullivan</u>, 22 App. D.C. 115 (1903).  Moreover, "the D.C. Court of Appeals continues to emphasize that the 'wrongful death statue[] must be strictly construed' because it stands as a "derogation[] from the common law." <u>Joy v. Bell Helicopter Textron</u>, 303 U.S. App. D.C. 1 (D.C. Cir. 1993), <u>quoting</u> <u>Waldon v. Covington</u>, 415 A.2d 1070, 1075 n.17 (D.C. 1980).

What Plaintiff seeks, by attempting to present damages in the form of the loss of "care, guidance and personal advice" to Decedent's adult children, is nothing less than an attempt to circumvent the prohibition against non-pecuniary, non-economic damages such as grief, loss of

3

society, loss of companionship, loss of consortium, mental anguish, and sentimental loss, all of which are not recoverable under the D.C. Wrongful Death statute. See <u>Joy v. Bell Helicopter Textron Inc.</u>, 999 F.2d 549, 567 (D.C. Cir.1993); <u>Ciarrocchi v. James Kane Co.</u>, 116 F. Supp. 848 (D.D.C. 1953).

In this case, evidence, argument or comment referring to non-pecuniary, sentimental losses before the jury would be impermissible and improper and would have confuse and mislead the jury to consider grief and loss of maternal affection, to speculate and award non-pecuniary, sentimental damages. WMATA, seeks an order barring Decedent's adult children to prevent evidence regarding any claim regarding grief, sorrow, mental anguish, and to limit testimony to specific services that the Decedent provided to the child, upon which the jury could reasonably place a pecuniary value on each service, and thereby calculate an economic, rather than a sentimental, emotional loss

Decedent's adult children should be ordered not to refer directly, or indirectly, to grief, society, companionship, consortium, mental anguish, sentimental loss, sorrow, love, care, affection and any other term or reference in order to elicit an emotional response. WMATA is entitled to the exclusion of testimony and evidence that might "back door" or imply sentimental or emotional loss. Allowing such improper evidence or argument would defeat what Judge Holtzoff and subsequent courts have strived to avoid: "extravagant verdicts for grief and injury to feelings." <u>Hord,</u> at 794.

        Respectfully submitted,
        WASHINGTON METROPOLITAN AREA TRANSIT
        AUTHORITY

        /s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463

/s/ Janice L. Cole
Janice L. Cole #440351
Associate General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543
jlcole@wmata.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2008, a copy of the foregoing Defendant Washington Metropolitan Area Transit Authority's (WMATA's) Motion *in Limine* To Exclude and Bar Any Testimony or Other Evidence By Adult Children Regarding Solatium Damages  and Order was sent, via the court's electronic filing system to:

Bruce J. Klores #358548
Scott M. Perry #459841
Bruce J. Klores & Associates
1735 20th Street, NW
Washington, DC 20009
202-628-8100
Attorneys for Plaintiffs

        /s/ Janice L. Cole
Janice L. Cole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** : <br> **Individually, and as a Personal** : <br> **Representative of the** : <br> **Estate and Next of Kin of** : <br> **EMILY S. FENICHEL, Deceased** : <br>   : <br>   **Plaintiff,** : <br>   : <br>   v. : <br>   : <br> **WASHINGTON METROPOLITAN** : <br>  **AREA TRANSIT AUTHORITY** : <br>   : <br>   **Defendant.** : | Case No.: 1:07-cv-00768-JR |

**ORDER**

Upon Consideration of WMATA's Motion *in Limine* To Exclude and Bar any Testimony or Other Evidence by Adult Children Regarding Solatium Damages, any Opposition by Plaintif and WMATA's Reply, it is this _____ Day of _____ 2008, hereby ORDERED,

That WMATA's Motion *in limine* is GRANTED and the two adult children of Decedent shall not be allowed to present testimony or other evidence regarding solatium damages, including grief, mental anguish, society, sorrow, companionship, love or affection in the trial of this matter.

_____
JUDGE ROBERTSON