IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. <br> Individually, and as a Personal <br> Representative of the <br> Estate and Next of Kin of <br> EMILY S. FENICHEL, Deceased <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN <br> AREA TRANSIT AUTHORITY <br><br> Defendant. | Case No.: 1:07-cv-00768-JR |

**WMATA'S MOTION IN LIMINE TO EXCLUDE AND BAR ANY TESTIMONY OR EVIDENCE BY PLAINTIFF REGARDING LOSS OF CONSORTIUM, LOSS OF SOCIETY AND SOLATIUM DAMAGES**

INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby seeks to bar and exclude any testimony or evidence by Robert R. Fenichel that go to a claim for loss of consortium, society and or grief in the instant matter.

Background

This accident occurred on June 8, 2006. Decedent Emily Fenichel died as a result of injuries that occurred in an accident involving a WMATA bus. She was survived by her husband, Robert Fenichel, and two adult sons, Zachary and David Schrag.

When Plaintiff originally filed suit, the Complaint included a Count for Loss of Consortium. WMATA's counsel gave case law to Plaintiff's counsel (Joy v. Bell Helicopter

Textron Inc., 999 F.2d 549, 567 (D.C. Cir.1993)) showing that the District of Columbia does not recognize a loss of consortium claim under the Wrongful Death Act. Plaintiff therefore agreed to voluntarily drop the claim of loss of consortium when he filed his First Amended Complaint (Document #9).

Nonetheless, the following exchange took place between the parties' counsel during the Plaintiff's deposition:

> Mr. Perry:   Let me add. The answer is yes, the sons are seeking non-economic damages. And we have discussed this, that under D.C. law, wrongful death law, they are entitled to receive that. Whether you classify it as non-economic or economic is a different question. But the care, guidance and support that they would have received from their mother as adult children is compensable. So, yes, they are seeking that. **The same answer would apply for Dr. Fenichel.**
> Ms. Cole:   Care, guidance, and support?
> Mr. Perry:   Well, the phrasing might not be perfect. But yes.
> Ms. Cole:   **Are you talking also society**?
> Mr. Perry:   That is among them. That is among them. (Emphasis added)

Deposition of Robert R. Fenichel, M.D., November 20, 2007, p. 75, lines 6 - 21

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO BAR OR EXCLUDE EVIDENCE AND TESTIMONY BY PLAINTIFF OF LOSS OF CONSORTIUM, LOSS OF SOCIETY AND GRIEF**

Loss of consortium, i.e., loss of the deceased's society, care and attention, is not an element of damages recoverable under the Wrongful Death Act. In Joy v. Bell Helicopter Textron Inc., 999 F.2d 549, 567 (D.C. Cir.1993) the D.C. Circuit refused to allow an award loss of consortium. The Court noted that nothing in prior case law allowed damages to be awarded for loss of consortium and held such damages were unavailable. Id. at 567. See St. Clair v. Eastern Airlines, Inc., 302 F.2d 477 (2nd Cir. 1962) (applying D.C. law); Brown v. Curtin & Johnson, Inc., 117 F. Supp. 830 (D.D.C. 1954), aff'd. 221 F.2d 106 (D.C. Cir. 1955); Ciarrocchi

v. James Kane Co., 116 F. Supp. 848 (D.D.C. 1953).

Loss of society, similar to loss of consortium, is also not permitted. Loss of society has been described as follows:

> The term "society" embraces a broad range of mutual benefits each family member receives from the others' continued existence, including love, affection, care, attention, companionship, comfort, and protection.

Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 585 (1974). In Elliott v. Michael James, Inc., 559 F.2d 759, 767, n. 19 (1977), the D.C. Circuit rejected claims for loss of society under the D.C. Wrongful Death Act, citing and relying instead upon the dissent in Sea-Land, 414 U.S. at 595, et seq., where four justices of the Supreme Court rejected "sentimental damages" under federal maritime law. Thus, a spouse's and a child's claims – minor or adult --for the unquantifiable value of loss of sentimental benefits such as love, affection, emotional bond, companionship, comfort and protection, are not available under the Wrongful Death Act. The District of Columbia Wrongful Death Jury Instruction states,

> The Wrongful Death Act does not permit you to, and you must not, award the beneficiaries any amount for the sorrow, mental distress or grief, or for the loss of love and affection that they may have suffered because of [the deceased's] death.

Standardized Civil Jury Instructions For The District of Columbia, No. 14.05.

In this case, evidence, argument or comment referring to non-pecuniary, sentimental losses before the jury would be improper and have the potential to confuse and mislead the jury to consider grief and loss of maternal affection, to speculate and to award non-pecuniary, sentimental damages. WMATA seeks an order barring Plaintiff from presenting evidence regarding any claim for loss of society, consortium, care, grief, mental anguish, sorrow or loss of love and affection.

Plaintiff wishes to ignore the prohibition against non-pecuniary, non-economic damages such as grief, loss of society, loss of companionship, loss of consortium, mental anguish, and sentimental loss, all of which are not recoverable under the D.C. Wrongful Death statute. Moreover, "the D.C. Court of Appeals continues to emphasize that the 'wrongful death statue[] must be strictly construed' because it stands as a "derogation[] from the common law." Joy v. Bell Helicopter Textron, 303 U.S. App. D.C. 1 (D.C. Cir. 1993), quoting Waldon v. Covington, 415 A.2d 1070, 1075 n.17 (D.C. 1980).  See  Ciarrocchi v. James Kane Co., 116 F. Supp. 848 (D.D.C. 1953).

In Elliott v. Michael James, Inc., 559 F.2d 759 (D.C. Cir. 1977), the D.C. Circuit noted that,

> Perhaps none of our cases had delineated the problem [of valuation] more accurately than did Judge Holtzoff in Hord v. National Homeopathic Hospital, 102 F. Supp.792. 794 (D.D.C. 1952) [affirmed, 204 F.2d 397 (D.C. Cir. 1953)]. There he noted that no compensation is permitted for grief, mental anguish or sentimental loss. The purpose of the restriction, he explained, was to confine the amount of damages within reasonable bounds as to prevent improvident and extravagant awards.
> Id. at 766.

The D.C. Circuit also noted in Eliott that damages in a Wrongful Death claim should not be speculative and difficult to calculate. Id.  The prohibition of any recovery for grief, mental anguish, or sentimental loss prevents jury speculation and assists the jury in reaching a non-emotional verdict.  Moreover, the D.C. Wrongful Death Act does not provide for compensation for non-economic losses, such as hedonic value ("life's enjoyment").  District of Columbia v. McNeil, 613 A.2d 940, 943 (D.C. 1992).

Plaintiff  should also be ordered not to refer directly, or indirectly, to grief, society, companionship, consortium, mental anguish, sentimental loss, sorrow, love, care, affection and any other term or reference in order to elicit an emotional response.  WMATA is entitled to

exclude testimony and evidence that might "back door" or imply, sentimental or emotional loss. Allowing such improper evidence or argument would defeat what Judge Holtzoff and subsequent courts have strived to avoid: "extravagant verdicts for grief and injury to feelings." Hord v. National Homeopathic Hospital, 102 F.Supp at 794.

        Respectfully submitted,

        WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

        /s/ Gerard J.Steif
        Gerard J. Stief  #925933
        Associate General Counsel
        (202) 962-1463

        /s/ Janice L. Cole
        Janice L. Cole #440351
        Associate General Counsel - WMATA
        600 Fifth Street, N.W.
        Washington, D.C.  20001
        (202) 962-2543
        jlcole@wmata.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 7th day of August, 2008, a copy of the foregoing Defendant Washington Metropolitan Area Transit Authority's (WMATA's) Motion *in Limine* to Exclude and Bar Testimony or Other Evidence by Plaintiff Regarding Loss of Consortium, Loss of Society and Solatium Damages was sent via the court's electronic filing system to:

Bruce J. Klores #358548
Scott M. Perry #459841
Bruce J. Klores & Associates
1735 20th Street, NW
Washington, DC 20009
202-628-8100
Attorneys for Plaintiffs

                              /s/ Janice L. Cole
                              Janice L. Cole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. FENICHEL, M.D.** Individually, and as a Personal Representative of the Estate and Next of Kin of **EMILY S. FENICHEL, Deceased** : : : : : : | |
| Plaintiff, : | |
| v. : | Case No.: 1:07-cv-00768-JR |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** : : : | |
| Defendant. : | |

### ORDER

Upon Consideration of WMATA's Motion in Limine to Exclude and Bar Any Testimony or Other Evidence by Plaintiff of Loss of Consortium, Loss of Society and Solatium Damages, Plaintiff's Opposition thereto, and WMATA's Reply, it is this _____ Day of _____ 2008, hereby ORDERED,

That WMATA's Motion *in limine* is GRANTED and Plaintiff is barred from giving testimony or presenting any other evidence regarding loss of consortium and loss of society;

It is FURTHER ORDERED, that the Plaintiff shall refrain from mentioning solatium damages, including grief, mental anguish, society, sorrow, companionship, love or affection in the trial of this matter.

_____
JUDGE ROBERTSON