### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| **ROBERT R. FENICHEL, M.D.** | : |
| **Personal Representative of the Estate of** | : |
| **Emily Fenichel,** | : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | :     **Case No. 1:07-cv-00768-JR** |
|  | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY,** | : |
|  | : |
| **Defendant.** | : |
|  | : |

---

### WMATA'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE IN SUPPORT OF GRANDCHILDREN AS BENEFICIARIES UNDER THE WRONGFUL DEATH ACT

Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby opposes Plaintiff's Motion *in Limine* in support of Grandchildren as Beneficiaries under the Wrongful Death Act (Document 45).

This accident occurred on June 8, 2006. Ms. Fenichel died intestate. Ms. Fenichel is survived by her spouse, Robert Fenichel and her two adult children by a prior marriage, David Schrag and Zachary Schrag. Zachary Schrag has two minor children, the grandchildren of Emily Fenichel. One grandchild, L.S., was only 9 months old at the time of Decedent's death. The other grandchild, N.E.S, was born 11 months after Decedent's death. Plaintiff seeks to improperly introduce evidence of the alleged losses sustained by the grandchildren of the decedent. The Wrongful Death Act, codified at § 16-2701, and applicable District of Columbia case law and regulations do not contemplate recovery by Decedent's grandchildren under the circumstances of this case, where there was only one grandchild alive at the time of Decedent's

death and he was being cared for and receiving maintenance from his parents.

Under the District of Columbia Wrongful Death Act, pecuniary damages "may be recovered from the death provided that the personal representative of deceased's estate prevails in their behalf in the wrongful death action established by statute." Runyon v. District of Columbia, 463 F.2d 1319 (D.C. Cir. 1972). Pecuniary damages are those economic, actual-loss damages that can be estimated and monetarily compensated. Blacks Law Dictionary, 7th Edition. In the District of Columbia, plaintiff can recover for the lost share of expected future earnings from the decedent and the pecuniary value of lost services expected to be performed by decedent. "Such services include, for example, the nurture, training, education, and guidance that a **child** would have received had not the **parent** been wrongfully killed." Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573 (1974) (Jones Act)(Emphasis added).[1] Such recovery is limited to the decedent's spouse and next of kin. D.C. Code § 16-2701(b).

Although the term next of kin is not defined in the act, case law supports the proposition that grandchildren cannot recover for the care, education, training, guidance of the grandparents. Contrary to the position taken by the plaintiff, grandchildren legally are not entitled to expect maintenance or assistance from their grandparents. In fact, D.C. Code § 46-202 states that "dependent children shall be maintained, as completely as possible, from the resources of their parents. . .". Pleasant v. Washington Sand & Gravel Co., 104 U.S. App. D.C. 374, 262 F.2d 471 (D.C. Cir. 1958) recognizes the common law right of a child to support and maintenance

---

[1] See also Baltimore and Ohio Railroad v. The State of Maryland, 63 Md. 135 (1885). In Baltimore, the Court of Appeals of Maryland stated that a "claim for damages must be founded on pecuniary loss, actual or expected, suffered by the persons described in the statute. . . .the right to maintain the action, is therefore based on the pecuniary interest of the plaintiffs in the life of the person killed and the value of such interest is the measure by which damages are to be allowed". Id. at 146 .

from his parents by virtue of the family relationship, in addition to the statutory duty. No such statutory duty is place upon grandparents. All of the District of Columbia cases quoted by plaintiff involve wrongful death actions brought on behalf of children of the deceased. None involve grandchildren.

Moreover, the District of Columbia Intestate Code is helpful in determining exactly who can recover and what the District considers next of kin. D.C. Code § 19-302(5) states that the intestate share of a decedent's surviving spouse is one half of the estate if the children of the decedent are not children of the spouse. This section would apply to the estate of Emily Fenichel as her surviving spouse, Dr. Robert Fenichel, is not the biological father of her children from her prior marriage. Thus, the other half of the estate is to be inherited by Decedent's two children. Grandchildren are only mentioned explicitly in the intestate statute when their parent is deceased. D.C. Code § 19-307(a) states,

> When the intestate leaves a child and a child of a deceased child, the child of the deceased child takes such share as his deceased parent would, if living, be entitled to, and every other descendant in existence at the death of the intestate stands in the place of his deceased ancestor.

Thus, grandchildren only have an expectation to inherit a portion of their grandparents estate upon the death of their parents.

Other jurisdictions have taken this into advisement when determining whether or not grandchildren could recover wrongful death damages. In Clark v. Weinstein, 23 A.D.3d 1053, (N.Y. App. Div. 4th Dept. 2005), the Supreme Court of New York considered whether or not grandchildren, who were supported by the deceased grandparents, could recover pecuniary damages under a Wrongful Death action. In Clark, the grandparents had actual custody of the

3

grandchildren and provided them with full financial support for 11 years.  Id.  A medical malpractice and wrongful death action was brought by the grandparents estate.  The court found that wrongful damages "are exclusively for the benefit of the decedent's distributees and, when collected, shall be distributed to the persons entitled thereto [by statute]. . ."  Clark v. Weinstein, 23 A.D.3d at 1054, quoting EPTL 5-4.4(a).  The court denied recovery to the grandchildren, noting that the loss of the support given to the grandchildren was a loss suffered directly by the daughter as she had to now replace the support previously provided by the grandparents.  Id. "The pecuniary loss to the decedent's daughter arises from her need to replace the support previously provided by the decedent and does not constitute a recovery on behalf of the grandchildren, who are non-distributees, for their direct loss of support."  Id.

        Not only would the two grandchildren of Decedent be maintained and supported by their parents by both common law duty as well as statutory duty, it is too speculative for Plaintiff to claim any pecuniary losses that would have been provided to the grandchildren.  The 26(a)(2) statement filed by Plaintiff and which included present day values of pecuniary damages, mentioned the loss of babysitting services that the adult child, Zachary Schrag, incurred as a lost service of his mother.  There has been no reference to any lost services reduced to present value by the economist (Lurito) with regard to the grandchildren.

        Both the lack of any duty of the Decedent grandmother to support or maintain her grandchildren, and the lack of any pecuniary damages claimed by Plaintiff's economist in Plaintiff's 26(a)(2) Statement are an adequate basis to preclude the grandchildren as beneficiaries in this matter, however, such a claim should also be precluded as entirely too speculative for a jury to contemplate awarding damages.  One grandchild, N.E.S., was not born at the time of the

4

Decedent's death and second grandchild, L.S., was only nine months old at the time of Decedent's death.  To allow the jury to consider any "education, training, or guidance" Decedent would have provided to either of them, especially in light of the parents' primary duty to care for and provide maintenance to their own children, would be asking the jury to speculate in an award without any evidence upon which to base its decision.

Moreover, by attempting to introduce the speculative nature of the loss of care, education, guidance, training, personal advise and financial support of the grandmother to her non-dependent grandchildren, Plaintiff opens the door to non-economic damages such as grief, loss of society, loss of companionship, loss of consortium, mental anguish, and sentimental loss, which are not recoverable under the D.C. Wrongful Death statute.  See Joy v. Bell Helicopter Textron Inc., 999 F.2d 549, 567 (D.C. Cir.1993); Elliott v. Michael James, Inc., 559 F.2d 759 (D.C. Cir. 1977); Ciarrocchi v. James Kane Co., 116 F. Supp. 848 (D.D.C. 1953).   In this case, evidence, argument or comment referring to non-pecuniary, sentimental losses before the jury would be improper and have the potential to confuse and mislead the jury to consider grief and loss of affection, to speculated and award non-pecuniary, sentimental damages.  WMATA has filed an opposition (Document 49) to preclude evidence of "loss of care, education, training, guidance, and parental advice" that the decedent provided to her adult children as well and asserts that such a claim can only be made by minor children.

In Baltimore & P. R. Co. v. Golway, 6 App. D.C. 143 (D.C. Cir. 1895), is of long-standing precedent and its holding remains unchallenged by any subsequent decisions in this jurisdiction.   In Golway, adult children over the age of twenty-one claimed the loss of "advice and counsel" upon the death of their father.  The court held:

5

The instruction under consideration in this case included not only the assessment of the value of "paternal advice and guidance"--which may probably be considered the equivalent of education and training--to the son who was not twenty-one years of age, but also that of "advice and counsel" to the three grown sons, the oldest of whom was thirty-four. We think this carried the doctrine entirely too far.

It is quite generally conceded that the damages to be assessed under statutes of this kind must be of a pecuniary nature. Now, we can readily conceive how, under many circumstances, the advice and counsel of a good and sensible father might be of inestimable moral value to a son of mature years even; but we cannot see how an assessment of pecuniary damages can reasonably be founded thereon. It is too remote, vague and uncertain to be considered in the estimation of pecuniary injury and compensatory damages therefor.

Baltimore & P. R. Co. v. Golway, 6 App. D.C. at 177.

If the adult children of Decedent cannot claim the loss of "advice and counsel," it follows that the claim of a grandchild for these damages would be too remote and speculative as well. Therefore, WMATA requests an order preventing plaintiff from introducing any testimony referring to or inferring any loss of care, education, guidance, training, and personal advice for her grandchildren and limit the evidence and testimony to specifically describe particular services that the decedent had historically provided to her adult children on behalf of her grandchildren, a recovery the act contemplates.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA TRANSIT
 AUTHORITY

 /s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463

/s/ Janice L. Cole

Janice L. Cole #440351

Associate General Counsel - WMATA

600 Fifth Street, N.W.

Washington, D.C.  20001

(202) 962-2543

jlcole@wmata.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August, 2008, a copy of the foregoing

Defendant Washington Metropolitan Area Transit Authority's (WMATA's) Opposition to

Plaintiff's Motion in Limine in Support of Grandchildren as Beneficiaries Under the Wrongful

Death Act  was sent, via the court's electronic filing system to:


Bruce J. Klores #358548

Scott M. Perry #459841

Bruce J. Klores & Associates

1735 20th Street, NW

Washington, DC 20009

202-628-8100

Attorneys for Plaintiffs


/s/ Janice L. Cole
Janice L. Cole

8