IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as a Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased<br><br>   Plaintiff,<br><br>      v.<br><br>WASHINGTON METROPOLITAN<br> AREA TRANSIT AUTHORITY<br><br>   Defendant. | Case No.: 1:07-cv-00768-JR |

**WMATA'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE WMATA BY REFERENCE TO ITS ROLE IN SERVING THE PUBLIC GOOD OR REGARDING FUNDING**

Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby opposes, in part, Plaintiff's motion *in limine* to preclude WMATA from referring to its role in service the public good or regarding funding.

WMATA does not oppose the portion of Plaintiff's motion which seeks to preclude WMATA from mentioning its funding, or problems regarding funding or fare increases. WMATA agrees those issues are not relevant to this case and that such references should not be made.

However, WMATA does oppose what Plaintiff proposes regarding references to WMATA's role in serving the "public good". Plaintiff's Memorandum of Points and

Authorities does not discuss this issue, but only funding issues and fare increases, which WMATA agrees is not pertinent or relevant to this case. There is no authority for a party not being able to describe itself and its purpose. WMATA is a regional transportation agency, serving the three jurisdictions of Maryland, Virginia and the District of Columbia. Should WMATA refer to this fact at trial, the very description of its existence implicates that WMATA serves the "public good;" WMATA would run afoul of the ruling Plaintiff seeks simply by describing itself. Every party has a right to discuss who or what it is. WMATA has every right to describe what sort of institution it is, just as the Plaintiff, Dr. Fenichel, has the right to describe himself, including the fact that he is a doctor of medicine, a position of some regard and influence in our society.

Moreover, Plaintiff gives no guidelines to what he is seeking. The term and idea of serving the public good is subject to interpretation and is unduly broad. Plaintiff has not provided authority as to how any sort of reference to service of public good WMATA provides would 'inflame the passions" of the jury. Plaintiff asks this court to use a very broad brush in requesting a prohibition references to "serving the public good." WMATA is a common carrier and provides transportation in this region, which certainly implies that WMATA serves the public good. WMATA requests that this Court deny that portion of Plaintiff's motion in limine regarding precluding references to the "public good" as unduly broad and prejudicial to WMATA.

                                    Respectfully submitted,

                                    WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

        /s/ Gerard J. Stief
Gerard J. Stief  #925933
Associate General Counsel
(202) 962-1463

/s/ Janice L. Cole
Janice L. Cole #440351
Associate General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543
jlcole@wmata.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 7th day of August, 2008, a copy of the foregoing Defendant Washington Metropolitan Area Transit Authority's (WMATA's) Opposition to Plaintiff's Motion in Limine to Preclude Reference by WMATA to its Role in Serving the Public Good or Funding was sent, via the court's electronic filing system to:

Bruce J. Klores #358548
Scott M. Perry #459841
Bruce J. Klores & Associates
1735 20th Street, NW
Washington, DC 20009
202-628-8100
Attorneys for Plaintiffs

        /s/ Janice L. Cole
Janice L. Cole