UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased<br><br>       Plaintiff,<br><br>       v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>       Defendant. | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S OPPOSITION TO WMATA'S CROSS MOTION REGARDING ADULT
CHILDREN AS BENEFICIARIES OF "NON-PECUNIARY" DAMAGES**

Plaintiff, through counsel, files his Opposition to WMATA's cross motion regarding the availability of certain damages to Decedent, Emily Fenichel's adult children under the Wrongful Death Act.[1]

**ARGUMENT**

WMATA incorrectly asserts that Plaintiff seeks recovery of non-pecuniary damages for Mrs. Fenichel's adult children. Plaintiff does not seek recovery of non-pecuniary damages. Plaintiff does not seek damages for mental anguish or grief.

Rather, Plaintiff seeks to recover, on behalf of the adult children, the damages identified in DCJI §14.05 (Wrongful Death Act Damages), which provides:

> In making your award, **you must also consider the loss of care,**

---

[1] Plaintiff filed a Motion *In Limine* seeking to allow evidence of the adult childrens' lost care, education, training, guidance and parental advice (Document 44). WMATA opposed that Motion via an Opposition and Cross Motion (Document 49). The Court ordered WMATA to file the Cross Motion separately, which as of the date of this Opposition, WMATA has not done. For the ease of the Court, Plaintiff files this Opposition to WMATA's Cross Motion, but it should also be considered Plaintiff's Reply to WMATA's Opposition. Plaintiff incorporates all of the arguments set forth in its Motion *In Limine* (Document 44).

> **education, training, guidance and parental advice** that the deceased parent would have been expected to give to the decedent's next of kin beneficiaries.

As the jury instruction reflects, under longstanding District of Columbia precedent, lost care, education, training, guidance and parental advice are pecuniary losses that are recoverable under the Act.

**Under Long-Existing Precedent, Lost Care, Education, Training, Guidance And Parental Advice Are Recoverable Pecuniary Damages Under The Wrongful Death Act**

WMATA concedes that pecuniary damages are available to adult children. *See Opp'n and Cross Mtn.,* at 2 ("[A]dult children who can show pecuniary damages . . . may recover for those pecuniary damages under District of Columbia law.") WMATA further concedes that loss of care, education, training, guidance and parental advice are pecuniary damages recoverable by minor children. *See id.* at 4 ("A minor child obviously can claim [care, guidance and personal advice], as dependent children have a right to expect support by their parents.").

WMATA argues, however, that these same pecuniary damages (loss of care, education, training, guidance and parental advice) that are recoverable by minor children somehow morph into non-recoverable, non-pecuniary damages when applied to adult children. Although this argument can be rejected simply because it is illogical, there is likewise no authority supporting the novel proposition that damages that are pecuniary when awarded to a minor child are not pecuniary when awarded to an adult child.

The District of Columbia Court of Appeals has explicitly ruled that the lost services described above are recoverable pecuniary damages pursuant to the Wrongful Death Act. In *Herbert v. District of Columbia,* 808 A.2d 776 (D.C. 2002), the Court of Appeals wrote:

> Recoverable damages under the District of Columbia's Wrongful Death Act include: (1) pecuniary losses resulting from the loss of financial support the decedent could have been expected to provide the next of kin had he lived; **and (2) the value of lost services,**

2

**such as care, education, training, and personal advice.**

*Id.* at 303 (emphasis added); *see also Doe v. Binker,* 492 A.2d 857, 863 (D.C. 1985) ("The second element [under the Wrongful Death Act] compensates for the value of the services lost to the family as a result of the decedent's death"). This Court recognized the same in 1953:

> It has been said that in the District of Columbia the amount recoverable is limited to pecuniary losses, which include the value of the lost earnings **and of the personal service and attention** which would have been of material value to the members of the family, and not the loss of society and companionship.

*Ciarrocchi v. James Kane Co.,* 116 F. Supp. 848, 849-50 (D. D.C. 1953) (emphasis added).

WMATA ignores this precedent by confusing mental anguish and grief (non-pecuniary and non-recoverable), which Plaintiff does not seek, with lost services (pecuniary and recoverable), which Plaintiff does seek, and which Plaintiff is entitled to recover under existing law.[2] Case law firmly establishes that lost care, education, training, guidance, and personal advice are recoverable pecuniary damages under the Act.

## Such Pecuniary Damages Are Recoverable By Adult Children

As Plaintiff identified in his Motion *in Limine,* the only real issue for the Court is whether the Wrongful Death Act precludes an award of pecuniary lost-services damages to adult children. It does not.[3]

As with any interpretation of a statute, the Court begins its analysis with the language of the statute itself. A plain reading of the Wrongful Death Act provides that lost-services damages are recoverable by the "next of kin," and "next of kin" is not limited to minor children.

---

[2] Both parties are represented by experienced counsel. WMATA's unsupported assertion that Plaintiff's real goal is to confuse the jury and recover for grief and mental anguish is lamentable and improper. Because Plaintiff does not seek to recover for grief or mental anguish, the multiple pages and citations that WMATA devotes to discussing the non-recoverability of such items are inapposite here.

[3] In Plaintiff's Motion *In Limine* in support of such damages, Plaintiff sets out his argument in full and incorporates it herein. (Document 44).

3

> The damages shall be assessed with reference to the injury resulting from the act, neglect, or default causing the death, to the spouse and *the next of kin* of the deceased person; and shall include the reasonable expenses of last illness and burial. Where there is a surviving spouse, the **jury shall allocate** the portion of its verdict payable to the spouse *and next of kin, respectively, according to the finding of damage* to the spouse and *next of kin*.

D.C. Code § 16-2701 (emphasis added).

The Act does not limit "next of kin" to those in their minority. In fact, the Act places no limitation on next of kin. Yet, WMATA seeks to have the Court rewrite the Act either by adding "*minority* next of kin" or by writing "next of kin" out of the Act entirely. This would turn statutory interpretation on its head.

While next of kin is not defined by the Act, its ordinary meaning is "persons nearest of kindred to the decedent, that is, those most nearly related by blood." Blacks Law Dictionary (6th ed. 1991), at 24. Whether a person is a "next of kin" is not dependant upon minority or adulthood. All are next of kin. This definition plainly includes David and Zachary Schrag, Emily Fenichel's two adult sons.

To support its argument, WMATA relies on one case, *Golway*, which is 113 years old. *See Baltimore & P.R. Co. v. Golway*, 6 App. D.C. 143 (D.C. Cir. 1895). It incorrectly claims that *Golway* is the only case that has addressed the issue. To the contrary, and as noted in Plaintiff's moving brief, the three judges that have considered this issue (at least in this Century and under this Act) have all determined that adult children can recover lost-services damages under the Act. Specifically, Judge Urbina (federal court in 2007), Judge Hedge (Superior Court in 2008) and Judge Milliken (Superior Court in 1995) all have found that the Act makes no distinction between minor and adult children and that adult children can recover for lost services

if the evidence establishes such losses.[4]

To the extent that the Court even considers *Golway* as authority, Plaintiff points out the following:

First, no District of Columbia case (federal or state) that Plaintiff or WMATA could find has cited it as authority on this point in its entire 113 year history.

Second, it was not decided based on the Act as worded today. *See Ciarrocchi v. James Kane Co.,* 116 F. Supp. 848, 851 (D. D.C. 1953) ("Recent amendments to the Wrongful Death Act in the District of Columbia are evidence of the trend to more lenient provisions.").

Third, the *Golway* Court recognized that significant case authority (even in 1885) supported the right of adult children to recover pecuniary losses, including "the leading case" on the issue. *See Golway,* 6 App. D.C. at *21.

Fourth, its holding was simply that it would not allow recovery of "advice and counsel" of the adult sons because the Court thought, in that case, it was vague and speculative. *See id*. at 177. This is hardly the watershed holding that WMATA makes it out to be. *Golway* did not forbid adult children from recovering pecuniary damages, and it did not address recovery for lost care, education, training and guidance, all of which are contained in today's jury instruction. *See id*. at 177. Even further, *Golway* noted that recovery might be available for an adult child should he prove his claim with competent evidence. *See id*. at 176.

One only need look at an everyday example to realize that WMATA's argument must fail. If the Court were to accept WMATA's argument, then a 17-year old child could recover for lost services, but by virtue of reaching adulthood one day earlier, his 18-year brother could not. There is no support for this tortured result in the Act's plain language.

---

[4] Contrary to WMATA's assertion, Judge Urbina found only that the intervening adult child could not recover for grief. He did not limit her pecuniary recovery for lost services.

If David and Zachary Schrag establish these losses (and the jury finds liability) then they are entitled to recover them. *See Doe v. Binker,* 492 A.2d 857, 864 (D.C. 1985) (noting that "in wrongful death actions, 'the amount of damages to be awarded must be based largely on the good sense and sound judgment of the jury . . . and the facts and circumstances of the case.'"). As explained by Justice Cardozo, "[d]eath statutes have their roots in dissatisfaction with the archaisms of the law . . . . [i]t would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied." *VanBeeck v. Sabine Towing Co.*, 300 U.S. 342, 350 (1937).

## **CONCLUSION**

The Wrongful Death Act provides that the next of kin are entitled to receive pecuniary damages. It contains no limitation requiring that the next of kin be minors. Long-established precedent allows for recovery of lost care, education, training, guidance and parental advice as an element of pecuniary damages. Under the Act, Plaintiff is entitled to put on evidence of these losses by the adult children.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion *In Limine* allowing such evidence, and deny WMATA's Cross Motion seeking to exclude such evidence.

    Respectfully submitted,

    BRUCE J. KLORES & ASSOCIATES, P.C.

    By    /s/_Scott M. Perry__
    Bruce J. Klores - #358548
    Scott M. Perry - #459841
    1735 20th Street, N.W.
    Washington, DC 20000
    (202) 628-8100
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 12th day of August 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA 600 5th Street, NW
Washington, DC 20001

                                                       /s/ Scott M. Perry
                                                  Scott M. Perry

*K:\1845\opp.MIL.adult.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. )<br>Individually, and as Personal )<br>Representative of the )<br>Estate and Next of Kin of )<br>EMILY S. FENICHEL, Deceased, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, et al. )<br>)<br>    Defendants. )<br>_____) | Case No. **1:07-CV-00768-JR** |

**ORDER**

The Court, having considered Plaintiff's Motion *In Limine* In Support of Adult Children as Beneficiaries Under the Wrongful Death Act, and WMATA's Cross Motion seeking to exclude such evidence, hereby Orders that Plaintiff's motion is GRANTED; WMATA'S Cross Motion is denied; and Plaintiff shall be entitled to put on evidence of Zachary and David Schrag's lost care, education, guidance, training and parental advice.

_____
United States District Judge