**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>　　　　Defendant. | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S REPLY TO WMATA'S OPPOSITION TO MOTION *IN LIMINE* IN SUPPORT OF GRANDCHILDREN AS BENEFICIARIES
UNDER THE WRONGFUL DEATH ACT**

Plaintiff, Robert R. Fenichel, M.D., by and through counsel, hereby responds to Defendant WMATA's opposition to allowing grandchildren to receive wrongful-death benefits. In support thereof, Plaintiff states as follows:

Plaintiff has moved the Court to allow him to present evidence of the pecuniary damages suffered by Decedent, Emily Fenichel's two grandchildren as the result of her death. WMATA opposes the Motion on the basis that grandchildren may not recover under the Wrongful Death Act. WMATA cites no District of Columbia precedent to support its position. Instead, it relies on an inapplicable child-support statute, a New York case based on New York law and the faulty premise that pecuniary damages must be valued by an economist to be recoverable.

WMATA concedes that the children of a decedent are entitled to recover damages for their lost "nurture, training, education and guidance." *See* WATA Opp'n at 2 (citing *Sea-Land Servs., Inc. v. Gaudet,* 414 U.S. 573 (1974)). It argues, however, that grandchildren who are

receiving the exact same services, and often more, from the decedent are not entitled to recover anything.

The Wrongful Death Act provides that "next of kin" are entitled to recover as beneficiaries. *See* D.C. Code § 16-2701. Both sides agree that the Act does not define "next of kin." While it is true that the District of Columbia Court of Appeals has not specifically decided this issue, it has continuously, and repeatedly, held that the Act is designed to permit recovery by "close relatives" of the decedent. *District of Columbia v. Hawkins,* 782 A.2d 293, 303 (D.C. 2001) (*quoting Semler v. Psychiatric Inst. Of Washington, D.C.,* 575 A.2d 922, 924-25 (D.C. 1978)); *see also Herbert v. D.C.,* 808 A.2d 776, 778 n.2. (D.C. 2002); *Lewis v. Lewis,* 708 A.2d 249, 251 (1998); *D.C. v. Perez,* 694 A.2d 882, 883 n.2 (D.C. 1997). If, as WMATA argues, "next of kin" was meant to be limited to the decedent's children, then the Court of Appeals would indicate as such. Instead, it repeatedly has used the term "close relatives" to define the Act's scope.

This makes logical sense as well. It would be nearly impossible, given the realities of family life today, to identify specifically who can and who cannot recover under the Act in every situation. Thus, the Court of Appeals has determined that there are two qualifications under the Act: (1) the beneficiary must be a close relative and, (2) the close relative must expect assistance from the decedent.[1] *See generally Herbert,* 808 A.2d at 778 n.2. If the next of kin meet these requirements, then they may recover.

WMATA likewise claims that such damages should be excluded as speculative. This is incorrect. Proving these damages is no different than proving the lost-services damages to the

---

[1] WMATA provides no basis for the Court to rely upon a District child-support statute (§ 46-202), passed in 1981, to interpret the Wrongful Death Act.

decedent's children, which WMATA agrees, are recoverable.[2]  As Zachary Schrag (Emily's son and the father of Emily's two grandchildren) testified at his deposition:

> Well, as I said, I saw my mother pretty much every weekend after [grandson's] birth, and sometimes at her house, sometimes at ours, sometimes for an afternoon, sometimes longer, and she would take care of [grandson], and on occasion she would do more, so – particularly in February 2006 she accompanied my wife on a trip to Boston so she could take care of [grandson] while my wife was busy.

Dep. of Zachary Schrag of 12/06/07 at pp. 25-26.  WMATA failed to ask Mr. Schrag about what types of services that Emily Fenichel provided to L.S. when she cared for him, but what it would have learned, and what Mr. Schrag will testify, is that Mrs. Fenichel was integrally involved in the upbringing of L.S., including educating him, disciplining him, caring for him, reading to him and teaching him to recognize words and items, to name but a few of the services she provided.  It must be remembered that Emily Fenichel was a world-known child-affairs advocate who worked for many years building a non-profit called Zero To Three, which educated young parents how to raise children in that age bracket.  When L.S. was born, and had she lived to see N.S.'s birth [granddaughter], Emily Fenichel was finally able to impart that knowledge and those skills to her own kin.  Such lost services are hardly speculative, and would have been crucial to the grandchildrens' development.

     WMATA also implies that recovery only can be had for lost services outlined in an economist's report; here, lost babysitting services.  There is no precedent for this argument.  In fact, precedent from this Court recognizes that pecuniary damages such as lost services are peculiarly within the province of the jury to determine.  *See Hord v. National Homeopathic Hospital,* 102 F. Supp. 792 (D. D.C. 1952) (noting that "[t]he pecuniary loss resulting from the

---

[2]  Plaintiff does not address the recoverability of more easily calculable pecuniary damages, such as for babysitting services and contributions to the grandchildrens' college fund, which WMATA does not appear to dispute are recoverable.

death of a member of the family cannot be ascertained with precision or computed with accuracy.")

Finally, to the extent that the Court considers the New York case decided under New York law it is worth noting that the court there *did allow* the grandchildren to recover for their losses. It simply characterized them as losses to the decedent's adult daughter because she was the one who would have to take over for the deceased grandparent. *See Clark v. Weinstein,* 804 N.Y.S.2d 183 (App. Div. 4th Dept. 2005) ("Thus, the loss of decedent's support to the grandchildren has resulted in a direct loss to decedent's daughter, a distributee who must replace the support previously provided by decedent." [citations omitted]).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, and in Plaintiff's moving memorandum, Plaintiff respectfully requests that the Court grant his motion and allow him to present evidence regarding the very real losses suffered by Decedent's grandchildren.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By___/s/_Scott M. Perry_____
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 12th day of August 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA, 600 5th Street, NW
Washington, DC 20001

              _____/s/_Scott M. Perry_____
              Scott M. Perry