UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>        Defendant. | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S OPPOSITION TO WMATA'S MOTION *IN LIMINE*
TO EXCLUDE AND BAR ANY TESTIMONTY OR OTHER EVIDENCE BY
<u>ADULT CHILDREN REGARDING SOLATIUM DAMAGES</u>**

Plaintiff, through counsel, hereby opposes the portion of WMATA's motion that is inconsistent with District of Columbia law.

Plaintiff seeks to recover for the adult children only those damages that the District of Columbia Court of Appeals, and this Court, have repeatedly held are recoverable under the Wrongful Death Act: loss of care, education, training, guidance and parental advice. *See* DCJI § 14.05. As to the recoverability of these damages, the Court of Appeals held, in *Herbert v. District of Columbia,* 808 A.2d 776 (D.C. 2002):

> Recoverable damages under the District of Columbia's Wrongful Death Act include: (1) pecuniary losses resulting from the loss of financial support the decedent could have been expected to provide the next of kin had he lived; **and (2) the value of lost services, such as care, education, training, and personal advice.**

*Id.* at 303 (emphasis added); *see also Doe v. Binker,* 492 A.2d 857, 863 (D.C. 1985) ("The second element [under the Wrongful Death Act] compensates for the value of the services lost to the family as a result of the decedent's death").  This Court recognized the same in 1953:

> It has been said that in the District of Columbia the amount recoverable is limited to pecuniary losses, which include the value of the lost earnings **and of the personal service and attention** which would have been of material value to the members of the family, and not the loss of society and companionship.

*See Ciarrocchi v. James Kane Co.*, 116 F. Supp. 848, 850-51 (D. D.C. 1953).  There simply can be no argument as to the recoverability of these damages under the Act and other binding precedent.[1]

Because Plaintiff seeks to recover for Emily Fenichel's children only the losses available to them under the Act, WMATA's motion is moot.  Indeed, WMATA's accusation that Plaintiff's real motive is "nothing less than an attempt to circumvent the prohibition against non-pecuniary, non-economic damages," and that Plaintiff is attempting to "back door" evidence in, is an inappropriate (and lamentable) scare tactic.  To make matters worse, WMATA relies on a quotation from *Hord v. National Homeopathic Hospital,* 102 F. Supp. 792 (D. D.C. 1952) to imply that this Court should be worried about an extravagant award.  Yet, it fails to provide the Court with the very next sentence in *Hord:* "On the other hand, this limitation must not be used to defeat the humanitarian objective of the statutes and to limit recovery to nominal damages."

---

[1]  Plaintiff has filed a Motion *In Limine* seeking to be allowed to present such testimony (Document No. 44) and an Opposition to WMATA's Cross Motion *in Limine* seeking to prohibit such testimony (Document No. 56).  Plaintiff's argument as to the recoverability of such damages is fully set out in these filings, and are adopted herein.

Simply put, Plaintiff does not seek to recover for mental anguish and grief. Thus, there is no reason for the Court to Order -- as WMATA requests -- that Mrs. Fenichel's children be prohibited from providing appropriate testimony as to their recoverable losses.

WHEREFORE, Plaintiff respectfully requests that the Court deny WMATA's motion seeking an order limiting the testimony of Zachary and David Schrag.

        Respectfully submitted,

        BRUCE J. KLORES & ASSOCIATES, P.C.

        By      /s/ Scott M. Perry
        Bruce J. Klores - #358548
        Scott M. Perry - #459841
        1735 20th Street, N.W.
        Washington, DC 20000
        (202) 628-8100
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on this 13th day of August 2008, on the following counsel:

Gerard Joseph Stief, Esquire
Janice Lynn Cole, Esquire
WMATA 600 5th Street, NW
Washington, DC 20001

             /s/ Scott M. Perry
        Scott M. Perry

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. FENICHEL, M.D.<br>Individually, and as Personal<br>Representative of the<br>Estate and Next of Kin of<br>EMILY S. FENICHEL, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. **1:07-CV-00768-JR**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

The Court, having considered WMATA'S Motion To Exclude And Bar Any Testimony Or Other Evidence By Adult Children Regarding Solatium Damages, and Plaintiff's Opposition thereto, hereby ORDERS that the Motion is

DENIED to the extent that District of Columbia law permits adult children to recover for loss of care, education, training, guidance and parental advice and Plaintiff shall be entitled to present evidence to support these claims.

_____
United States District Judge

1845/MIL.opp.solatium

4