## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. | ) | |
| Individually, and as Personal | ) | |
| Representative of the | ) | |
| Estate and Next of Kin of | ) | |
| EMILY S. FENICHEL, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-CV-00768-JR |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### PLAINTIFF'S OPPOSITION TO WMATA'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY BY PLAINTIFF REGARDING LOSS OF CONSORTIUM, LOSS OF SOCIETY AND SOLATIUM DAMAGES

Plaintiff, Robert R. Fenichel, M.D., by and through counsel, hereby opposes WMATA's motion seeking to prohibit testimony or evidence from him, as the spouse of decedent, Emily Fenichel, concerning loss of consortium, loss of society, and loss-of-solatium damages. In support thereof, Plaintiff states as follows:

### INTRODUCTION

WMATA incorrectly characterizes the damages that Plaintiff seeks. Plaintiff is not seeking damages for loss of society, solatium, grief, or any other "sentimental" loss. Instead, Plaintiff seeks only what is provided for under the Wrongful Death Act (loss of care, education, training, guidance, and personal advice) in addition to the other pecuniary losses to which WMATA does not object. The Act provides that damages for "lost services" are available, and this is precisely the measure of damage that Plaintiff seeks.

## I.    PLAINTIFF SEEKS DAMAGES FOR LOST SERVICES, WHICH ARE DISTINCT FROM LOSS-OF-CONSORTIUM DAMAGES <u>AND ARE AVAILABLE UNDER THE ACT</u>

Our Wrongful Death Act provides recovery for beneficiaries' pecuniary losses in two ways.  *See Doe v. Binker*, 492 A.2d 857, 863 (D.C. 1985).  First, the Act compensates for pecuniary loss based on the decedent's inability to provide for his/her family.  *See id.* at 863.  Second, the Act compensates for the value of services lost to the family as a result of decedent's death.  *See id.* at 863; *see also Runyon v. District of Columbia*, 463 F.2d 1319, 1322 (D.C. Cir. 1972).  When considering this second element, juries are told to "place a reasonable value [on] the service which the deceased would have provided each beneficiary over their life."  *Doe*, 492 A.2d at 863; Standardized Civil Jury Instructions for the District of Columbia, No. 14.05 (2004).  The Act and the jury instructions provide that such services can include such items as "loss of care, education, training, guidance, and personal advice."[1]  *Id.* at 863.

WMATA relies upon the ban on loss-of-consortium damages under *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549 (D.C. Cir. 1993) to support its argument.  However, reliance on this case is misguided.  In *Bell Helicopter,* the wrongful-death plaintiff explicitly asked the court to award damages for loss of consortium under the Act.  *See id.* at 566.  Dr. Fenichel, decedent Emily Fenichel's spouse, seeks no such loss-of-consortium damages,[2] which are traditionally defined as lost society, lost companionship, and lost sexual benefits.  *See Curry v. Giant Food Co.*, 522 A.2d 1283, 1294 (D.C. 1987).[3]  The *Bell Helicopter* Court concluded

---

[1]  While these non-exhaustive examples are contained in the section of the jury instruction describing recoverable losses for next-of-kin beneficiaries, there is nothing to suggest that the spouse may not recover the same losses.

[2]  Except as explained in Section II, *infra*.

[3]  *Curry* explains that "consortium" consists of affection, companionship and loss of sexual relations, among other components.

only that traditional loss-of-consortium damages were unavailable under the Act.  Neither that

Court, nor any other D.C. Court, has ruled that the lost services explicitly identified in the jury

instructions are unavailable to the spouse.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD RECOGNIZE THE TREND TO ALLOW LOSS-OF-CONSORTIUM DAMAGES UNDER THE ACT

It is not in dispute that lost-services damages are available under the Act.  But to preserve

this issue for appeal, Plaintiff suggests that this Court should recognize the modern trend and

allow Plaintiff to seek loss-of-consortium damages.  *Bell Helicopter*, decided in 1993,

recognized that there is a "decided trend in the law toward allowing recovery for loss of

consortium in death cases, even in jurisdictions that limit recovery to purely pecuniary losses."

*Id*. at 567.  As long ago as 1974, the Unites States Supreme Court recognized that a "clear

majority" of States have permitted loss-of-consortium damages in a wrongful-death action.  *Sea-*

*Land Services, Inc. v. Gaudet*, 414 U.S. 573, 587 (1974).[4]  The Supreme Court further

recognized that "the recent trend is unmistakably in favor of permitting such recovery."  *Id*. at

587.  This trend that the Supreme Court recognized more than thirty years ago should be applied

to the District of Columbia, a progressive jurisdiction; thus, giving plaintiffs in this jurisdiction

the long-overdue recourse available in the vast majority of other United States jurisdictions.

## CONCLUSION

Wherefore, for the above-stated reasons, Plaintiff respectfully requests that the Court

deny WMATA's motion to the extent that the Wrongful Death Act allows recovery for lost

services.  Plaintiff further requests that the Court recognize the current trend and allow Plaintiff

---

[4] The *Sea-Land* Court also offered that this trend has been accomplished both by express statutory provision and by judicial construction, thus explicitly approving the very type of judicial construction that Plaintiff seeks.

to seek loss-of-consortium damages.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By_____/s/ Scott M. Perry__
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed, to the following persons this 13th day of August, 2008:

Gerard Stief, Esquire
Janice Cole, Esquire
600 Fifth Street, N.W.
Washington, D.C. 20001

_____/s/ Scott M. Perry_____
Scott M. Perry

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT R. FENICHEL, M.D.      )
Individually, and as Personal       )
Representative of the            )
Estate and Next of Kin of          )
EMILY S. FENICHEL, Deceased,   )
                                )
      Plaintiff,            )    Case No. **1:07-CV-00768-JR**
                                )
v.                           )
                                )
WASHINGTON METROPOLITAN    )
AREA TRANSIT AUTHORITY, et al.   )
                                )
      Defendants.          )
_____)

## <u>ORDER</u>

The Court, having considered Plaintiff's Opposition to Defendant's Motion *In Limine* to Exclude Testimony Regarding Loss of Consortium, Loss of Society, and Solatium Damages under the Wrongful Death Act hereby Orders that WMATA's motion is;

DENIED.  Plaintiff is entitled under the Wrongful Death Act to seek recovery for lost services.

The Court further finds that Plaintiff is entitled to seek loss-of-consortium damages.

                            _____
                            United States District Judge

*K:\1845\MIL.response.consortium.doc*