**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. FENICHEL, M.D. )<br>Individually, and as Personal )<br>Representative of the )<br>Estate and Next of Kin of )<br>EMILY S. FENICHEL, Deceased )<br>        )<br>        Plaintiff, )<br>        )<br>    v.  )<br>        )<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>        )<br>        Defendant. )<br>_____ ) | Case No. 1:07-CV-00768-JR |

**PLAINTIFF'S MOTION *IN LIMINE* CONCERNING REFERENCE**
**TO ANTI-DEPRESSANT PRESCRIPTION DRUGS AND DEPRESSION**

Plaintiff, Robert R. Fenichel, M.D., by and through counsel, hereby moves the Court to issue an Order *in Limine*, pursuant to the Federal Rules of Evidence, precluding the Defendant from referencing usage of anti-depressant prescription drugs by Emily Fenichel and treatment for depression.[1] In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This is a negligence case, with survival and wrongful-death actions brought by Robert Fenichel, M.D., the husband of Emily Fenichel, deceased. Mrs. Fenichel died on June 8, 2006 after a WMATA Metrobus ran her down in a crosswalk.

Plaintiff anticipates that WMATA may attempt to introduce evidence of, or make reference to, the fact that Emily Fenichel was taking prescription anti-depressant drugs and that remnants of those drugs were found in her bloodstream at autopsy. There is no evidence that these drugs had any effect on Mrs. Fenichel's behavior or actions with regard to her death and

WMATA has named no medical expert to support such a claim. Emily Fenichel also had, from time to time, seen a psychiatrist for depression. This fact has no relevance to the case. As such, reference to prescription drugs and depression would serve no purpose other than to attempt to inflame the jury. This is evidence should be excluded.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to make the existence of any fact of consequence to the action more probable or less probable than it would be without the evidence. Evidence of Mrs. Fenichel's use of anti-depressant drugs or occasional therapy, is not relevant evidence as set forth in Rule 401. WMATA has not alleged, and there is no claim, that the prescription drugs or the depression had any causal relationship with her death. Likewise, it has not named an expert to correlate the prescription drugs and therapy with any aspect of the case, including damages. Thus, the evidence is not relevant.

Under Rule 402, any evidence that is irrelevant is inadmissible. As such, this Court should not allow the introduction of, or reference, to these issues.

Even if there was some relevance (which Plaintiff disputes), the Court should exclude this evidence under Federal Rule of Evidence 403.

The evidence is not probative of any fact at issue. Moreover, without an expert to explain its significance, the jury has no means to put the evidence in perspective outside of mere speculation, which is precisely what Rule 403 is designed to prevent. The prejudicial effect of the evidence, in comparison, is extremely high, as the jury will speculate that these

---

1 Plaintiff inquired of WMATA whether it intended to introduce such evidence. WMATA has not responded as of the date of this motion.

2

drugs and depression played a role in the collision absent any scientific evidence. Its only other purpose would be to besmirch the reputation of Mrs. Fenichel, which is likewise improper.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court prohibit the reference to, or introduction of, evidence concerning Mrs. Fenichel's usage of prescription anti-depressant drug and depression at trial.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By      /s/ Scott M. Perry
Bruce J. Klores - #358548
Scott M. Perry - #459841
1735 20th Street, N.W.
Washington, DC 20000
(202) 628-8100
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed, to the following persons this 13th day of August, 2008:

Gerard Stief, Esquire
Janice Cole, Esquire
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001

           /s/ Scott M. Perry
Scott M. Perry

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT R. FENICHEL, M.D. <br> Individually, and as Personal <br> Representative of the <br> Estate and Next of Kin of <br> EMILY S. FENICHEL, Deceased <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN <br> AREA TRANSIT AUTHORITY <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:07-CV-00768-JR |

## ORDER

The Court, having considered Plaintiffs' Motion *in Limine*, and WMATA's response, hereby ORDERS that the motion is

GRANTED, and WMATA is prohibited from referring to, or introducing evidence of, Emily Fenichel's usage of prescription anti-depressants and depression.

                                                                                                     _____
                                                                                                     Judge James Robertson

Copies to:
Bruce Klores, Esq.
Janice Cole, Esq.
Gerard Stief, Esq.

*K:\1845\limine.antidepressant.drugs.doc*